BRENDA McGAHA v. SMOKY MOUNTAIN STAGES, INC., AND GORDON CLARK.

(Filed 24 February, 1965.)

**1. Automobiles §§ 41a, 41c—**
    Findings to the effect that plaintiff was a passenger in an automobile being driven on a curving mountain road covered with several inches of ice and snow, that the driver of the car saw a bus approaching from the opposite direction on the bus' wrong side of the highway, became excited, and applied his brakes, causing the car to skid and collide with rock on its right side of the highway, without a finding that the bus and the car ever came into actual contact, *is held* insufficient to support recovery by plaintiff against the bus company.

**2. Negligence § 1—**
    Negligence is not actionable unless a proximate cause of injury.

APPEAL by defendants from *Froneberger, J.,* October, 1964 Session, HENDERSON Superior Court.

This civil action to recover damages for personal injury originated in the General County Court of Henderson County. The plaintiff alleged in substance the following: On February 25, 1964, at 11:15 in the morning, she was riding eastwardly in an Oldsmobile being operated by her husband on Highway No. 19, "a curvy mountain highway in Cherokee County, North Carolina." At the same time a passenger bus owned by the defendant Smoky Mountain Stages, Inc., and driven by

McGAHA v. SMOKY MOUNTAIN STAGES, INC.

its agent, Gordon Clark, was traveling westwardly on the highway. Further allegations are here quoted:

"11. That the road on which the plaintiff was riding consisted of many curves and as the plaintiff came in view of the bus, said bus was being operated on the left of the center of the highway in the direction it was traveling and on the wrong side.

"12. That the plaintiff's husband applied brakes to avoid colliding with the bus. That at said time the road was slick due to some snow falling and said car slid into an embankment on the right shoulder of the highway striking a rock which protruded.

"13. That said car came to an immediate stop at an angle on the right side of the highway in the direction it was traveling.

"14. That the plaintiff remained in said car for a few seconds and was in the act of getting out of same when it was struck with great force and violence by the defendant's bus causing the injuries and damages as herein alleged."

The defendants filed answer in which they admitted the road was curvy and covered with about three inches of snow and ice. They admitted the driver of the automobile in which plaintiff was riding lost control, skidded off the road, and after striking a rock in the embankment came to a stop in the highway, blocking both lanes of traffic. The defendant denied there was any contact between the bus and the Oldsmobile, or that plaintiff or the vehicle was damaged in any way by the bus. The defendants pleaded as a further defense the accident and injury resulted solely from the negligence of plaintiff's husband in crashing into the rock, and not from any contact with the bus.

The parties waived a jury trial and stipulated that the Judge of the General County Court should hear and decide the case. According to all the evidence before Judge Sheppard of the General County Court, the plaintiff's husband, on seeing the approaching bus, applied his brakes, causing his vehicle to skid into the righthand embankment. The vehicle bounced backward, stopping at an angle across the road. The plaintiff's witnesses stated the Oldsmobile stopped in its traffic lane. The plaintiff and her husband, Marvin McGaha, testified they were not injured by the collision with the rock but that after the car came to rest and as the plaintiff attempted to get out, it was hit violently by the bus; that all her injuries were caused thereby. The bus driver and its two passengers testified the bus did not come in contact with the automobile.

Mr. Amos, a highway employee, testified for the plaintiff that he was operating a motor grader removing snow and ice from the high-

way; that he was traveling behind the bus; that he saw the bus and the automobile in the road, as best he could tell in the plaintiff's proper lane of travel; that the bus and the Oldsmobile were stopped about six inches apart and that he saw no damage to the rear of the car, only damage to the front which had been caused by the collision with the rock.

The court entered these findings:

"That there was on said road two and a half to three inches of snow and ice; that driving conditions were hazardous and dangerous;

"That Marvin McGaha, driver of the car in which Brenda McGaha was a passenger, on seeing bus on his side of the road coming towards him became excited, pressed on his brakes, causing his car to collide with rocks to his right getting his car out of control, damaging portions of his car, and the spinning around in the road came to a stop, with the rear of his car in the direction in which he was traveling, the front of his car pointing towards Andrews;

"~~That the bus operated by the defendant Gordon Clark did collide with the car in the right hand portion of said road~~ (W R S)

"That the plaintiff Brenda McGaha in said collision was hit on the head by the door frame of her car next to the windshield and where the hinges of the door attach";

The court entered the following:

"The Court finds that the negligent operation of the Smoky Mountain Stages, Inc., bus by Gordon Clark is the proximate cause of the plaintiff's injuries, and the Court finds that the plaintiff has suffered permanent injury in the amount of $3,-500.00."

The defendant filed exceptions to the findings of fact, conclusions, and judgment and appealed to the Superior Court. On the hearing, Judge Froneberger affirmed the judgment below, from which the defendants appealed.

*Redden, Redden & Redden by Arthur J. Redden, M. F. Toms for plaintiff appellee.*
*Whitmire & Whitmire for defendant appellants.*

HIGGINS, J. The defendant by exceptive assignment challenges the sufficiency of the findings of fact to support a recovery. The plaintiff

alleged and both she and her husband testified that her injuries as well as his resulted from the collision between the moving bus and their stationary automobile. The plaintiff's pleadings were cast, her evidence was presented and the case was tried on that theory. Judge Sheppard entered, and then removed by crossing out, a finding that the bus and the automobile had collided. The Court found the automobile collided with the rock. But the plaintiff and her husband testified they suffered no injury as a result of the Oldsmobile's having hit the rock. There is no finding whatever left in the record that the bus at any time struck the Oldsmobile. Hence the finding of liability and damages against the defendant is without a factual basis to support it. Negligence, unless a proximate cause of injury is not actionable. *Reason v. Sewing Machine Co.*, 259 N.C. 264, 130 S.E. 2d 397.

In this condition of the record the order of the Superior Court affirming the judgment of the General County Court was improvidently entered and is set aside. The Superior Court will remand the cause to the General County Court of Henderson County for a new trial.

Reversed.