MARK RICHARD GARRISON v. WILLIAM E. GARRISON, III, AND W. E. GARRISON GRADING COMPANY

No. 8710SC306

(Filed 17 November 1987)

**1. Rules of Civil Procedure § 59— new trial—proper grounds**

　　There was no merit to defendant's contention that the trial court erred in granting a new trial on the improper ground that the jury included a lawyer and an insurance agent, since the evidence, the trial judge's comments, and the trial judge's order itself indicated that the judge awarded a new trial based on his belief that the verdict was against the weight of the evidence and that it was in the interest of justice to do so.

**2. Rules of Civil Procedure § 50— new trial motion under Rule 50—prerequisites**

　　There was no merit to defendants' contentions that a trial court may not grant a new trial under N.C.G.S. § 1A-1, Rule 50(b) unless the movant would have been entitled to a judgment n.o.v., or that a proper motion for directed verdict, stating the specific grounds, is a prerequisite for a new trial motion under N.C.G.S. § 1A-1, Rule 50(b), just as it is a prerequisite for judgment n.o.v.

APPEAL by defendants from *Herring, Judge.* Order entered 27 October 1986 in Superior Court, WAKE County. Heard in the Court of Appeals 20 October 1987.

*David R. Cockman for plaintiff-appellee.*

*Maupin, Taylor, Ellis, and Adams, P.A., by John T. Williamson, M. Keith Kapp, and James E. Gates for defendant-appellants.*

BECTON, Judge.

Plaintiff, Mark Richard Garrison, brought this action for personal injuries sustained as a result of a one-vehicle accident during which he was a passenger in a truck driven by defendant William E. Garrison, III, and owned by defendant, W. E. Garrison Grading Company. On 23 October 1986, following three days of testimony, the jury returned a verdict finding that plaintiff was not injured by the negligence of William Garrison. At a hearing on 27 October 1986, plaintiff moved in open court, pursuant to Rule 50(b) of the Rules of Civil Procedure, for judgment notwithstanding the verdict, or in the alternative, for a new trial. From an order of the trial court setting aside the verdict and awarding a new trial, defendants appeal. We affirm.

I

At trial, plaintiff's evidence about the accident consisted of testimony by two witnesses, Bryan Upchurch, and Trooper M. D. Cash, which tended to show the following:

On 1 February 1975, plaintiff, then age eight, his sixteen year old brother, William Garrison, and a number of others spent the morning doing landscaping and related work at Aversboro Road Baptist Church in Garner. At lunchtime, the Garrison brothers, Bryan Upchurch, and another boy left to get lunch, and were returning to the church when the accident occurred.

The boys were riding south on Buffalo Road in a pick-up truck driven by William Garrison. Plaintiff sat in the middle seat, Upchurch sat by the door, and the other boy rode in the truck bed. Some other boys from their group were ahead of them in a car. Upchurch testified, "They were trying to outrun us and we were trying to catch them." The truck approached a sharp left curve at a point where the pavement was 18 feet wide and the

low shoulders consisted of dirt and gravel. The speed limit was 55 miles per hour, but Upchurch recalled seeing a diamond shaped sign with a lower advisory speed limit. Upchurch testified that, as the truck entered the curve, the right front tire dropped down off the pavement onto the shoulder, and William Garrison jerked the truck back onto the road. The truck traveled across to the left side of the road, struck a driveway culvert, overturned, struck a light pole and a bush, and came to rest on its top. Plaintiff was thrown from the truck and suffered serious injury.

Upchurch opined that the truck was travelling in excess of 55 miles per hour when it entered the curve. According to Trooper Cash, there were 259 feet of tire impressions before the actual impact, and the truck traveled an additional 118 feet, after striking the culvert, to the place where it came to rest.

Plaintiff also offered extensive evidence regarding the nature and extent of his injuries. Defendant presented no evidence.

## II

The single question presented for our review is whether the trial court erred by granting plaintiff's motion for a new trial.

## A

Plaintiff premised his motion for a new trial upon the grounds that "the verdict is contrary to all of the evidence and the jury disregarded the court's instructions . . . ." In his oral ruling upon the motion in open court following arguments of counsel, Judge D. B. Herring began: "This is one that has bothered me all weekend. As I recall, the uncontroverted evidence . . . ." The judge then proceeded to summarize the evidence of negligence, after which he concluded:

> In the interest of justice, reluctantly I am going to set aside the verdict and order a new trial *because* I cannot logically see how the jury could have found "no" on the issue of negligence.

> I had really thought at the outset that negligence might be stipulated. I note, also, that there was a lawyer on the jury in addition to an insurance agent who sells liability insurance. (Emphasis added.)

The subsequent written order stated, in pertinent part, that the court was awarding a new trial *"in its discretion* and in the interest of justice." (Emphasis added.) This fact controls the scope of our review of Judge Herring's action. *See Worthington v. Bynum*, 305 N.C. 478, 481, 290 S.E. 2d 599, 602 (1982).

B

It is a well established rule in this jurisdiction that a trial judge's discretionary decision to deny or grant a new trial upon any ground may be reversed on appeal only when the record affirmatively demonstrates a manifest abuse of discretion. *E.g., Bryant v. Nationwide Mutual Fire Insurance Co.*, 313 N.C. 362, 329 S.E. 2d 333 (1985); *Worthington v. Bynum.* Only when the trial court grants or refuses to grant a new trial due to some error of law in the trial is its decision fully reviewable. *See Bryant* at 381-82, 329 S.E. 2d at 344-45, *Worthington* at 483, 290 S.E. 2d at 603. Further, the scope of appellate review of a trial judge's exercise of the power to grant a new trial was not enlarged by the adoption of the Rules of Civil Procedure. *Worthington* at 482, 290 S.E. 2d at 602.

C

[1] Defendant first argues that the trial court made an error of law, fully reviewable on appeal, by granting a new trial on the improper ground that there was a lawyer and an insurance agent on the jury. However, the judge's comment on the composition of the jury does not indicate to us that this reflection formed the basis for his decision. If such were the case, the award of a new trial would constitute clear error, particularly since the parties presumably examined the jurors prior to trial and were satisfied with them. However, based upon our review of the evidence, the judge's comments, and the order itself, we are convinced that the judge awarded a new trial based on his belief that the verdict was against the weight of the evidence and that it was in the interest of justice to do so. These are grounds which have traditionally afforded bases for a trial court's discretionary authority to award a new trial. *See, e.g., Selph v. Selph*, 267 N.C. 635, 148 S.E. 2d 574 (1966); *Walston v. Green*, 246 N.C. 617, 99 S.E. 2d 805 (1957).

D

[2]  Defendant's remaining arguments are based on a premise that there are two varieties of motion for a new trial, and that, although the grant of a new trial under Rule 59(d) of the Rules of Civil Procedure may be overturned on appeal only if the trial court has abused its discretion or committed an error of law, a new trial motion under Rule 50(b) is subject to a stricter standard. These contentions are without merit.

Defendants first maintain that a trial court may not grant a new trial under Rule 50(b) unless the movant would have been entitled to a judgment notwithstanding the verdict. However, the federal case law relied upon by defendants imposes that limitation only in cases in which the new trial was not ordered within 10 days of entry of judgment pursuant to Rule 59(d), and in which the party moving for judgment notwithstanding the verdict *did not also move for a new trial. See Goldsmith v. Diamond Shamrock Corp.,* 767 F. 2d 411 (8th Cir. 1985); *Kain v. Winslow Manufacturing, Inc.,* 736 F. 2d 606 (10th Cir. 1984), *cert. denied,* 470 U.S. 1005, 84 L.Ed. 2d 381 (1985); *Jackson v. Wilson Trucking Corp.,* 243 F. 2d 212 (D.C. Cir. 1957). These cases are inapposite to the case *sub judice* in which the new trial was granted on plaintiff's motion. Moreover, the order was entered within ten days of judgment so as to be proper under Rule 59(d), even had a motion therefore not been made.

Rule 59(a) sets forth the grounds upon which a new trial may be ordered, while Rule 50(b) merely establishes a procedure whereby a movant may, *if he chooses,* join the new trial motion with one for judgment notwithstanding the verdict. Because there is no requirement that a new trial motion accompany any other motion, there would be no logic to a rule which imposed the limitation championed by defendants.

Defendants also contend that a proper motion for directed verdict, stating the specific grounds, is a prerequisite for a new trial motion under Rule 50(b), just as it is a prerequisite for judgment notwithstanding the verdict. The rule itself does not impose this requirement nor does logic demand that we do so. The purpose of the rule which makes a specific directed verdict motion a prerequisite for a judgment notwithstanding the verdict is to allow the adverse party to meet any defects in his case with fur-

ther proof and thus avoid the entry of a judgment notwithstanding the verdict at the close of the trial on a ground that could have been met with proof had it been suggested earlier. *See, e.g., Byerly v. Byerly*, 38 N.C. App. 551, 248 S.E. 2d 433 (1978). No similar reason exists when the motion is for a new trial since the grounds for a new trial are not the same as those for a directed verdict, and since a new trial motion need not accompany one for judgment notwithstanding the verdict.

Plaintiff's motion was clearly based (and granted) on grounds available under Rule 59(a). See N.C. Gen. Stat. Sec. 1A-1, Rule 59(a)(5), (7), and (9) (1983). The failure to state a particular rule number as a basis for a motion is not a fatal error so long as the substantive grounds and relief desired are apparent and the opponent of the motion is not prejudiced thereby. *See, e.g., In re Estate of English*, 83 N.C. App. 359, 350 S.E. 2d 379 (1986), *disc. rev. denied*, 319 N.C. 403, 354 S.E. 2d 711 (1987); *McGinnis v. Robinson*, 43 N.C. App. 1, 258 S.E. 2d 84 (1979). Defendants would have us penalize plaintiff for citing Rule 50(b) instead of Rule 59(a) even though the grounds for his motion were clear. We decline to do so.

## III

We are unpersuaded by any of defendants' arguments that Judge Herring's decision to order a new trial should be subjected to any standard of review other than the usual one of "abuse of discretion." A review of the record discloses no manifest abuse of discretion, and consequently, the ruling of the trial court will not be disturbed.

Affirmed.

Judges PHILLIPS and GREENE concur.