JOHN T. LASSITER, Plaintiff v. KAREN MICHELLE ENGLISH, Defendant

No. COA96-1304

(Filed 17 June 1997)

## 1. Trial § 264 (NCI4th)— directed verdict issue—judgment n.o.v.—same specific issues

In a negligence action resulting from an automobile collision, the trial court erred in granting plaintiff's motion for judgment n.o.v. on the issue of proximate cause where plaintiff did not specifically raise the issue of proximate cause to support his motion for directed verdict "on the issue of negligence." In order

to sustain a judgment n.o.v., plaintiff's motions for directed verdict and judgment n.o.v. must be on the same specific issue.

**Am Jur 2d, Trial §§ 862, 863.**

**Practice and procedure with respect to motions for judgment notwithstanding or in default of verdict under Federal Civil Procedure Rule 50(b) or like state provisions. 69 ALR2d 449.**

2. **Trial § 491 (NCI4th)— proximate cause—judgment n.o.v.—error**

Assuming, *arguendo*, that plaintiff's motion for judgment n.o.v. was properly before the trial court, the court erred in granting plaintiff's motion where the evidence at trial did not establish that plaintiff's injuries were proximately caused by defendant's negligence and there was evidence which supported the inference that plaintiff's injuries resulted from a preexisting condition.

**Am Jur 2d, Negligence § 500; Trial §§ 862, 863.**

3. **Trial § 505 (NCI4th)— jury verdict—proximate cause—alternative grant of new trial—abuse of discretion**

In this case involving an automobile collision, the evidence did not reveal that the jury's verdict finding that defendant's negligence was not the proximate cause of plaintiff's injuries was against the great weight of the evidence where the proximate cause evidence was highly controverted and neither party's position was supported by the great weight of the evidence; therefore, the trial court abused its discretion in granting plaintiff's alternative motion for an new trial pursuant to N.C.G.S. § 1A-1, Rule 59(a)(7).

**Am Jur 2d, Judgments § 327; New Trial § 29.**

Judge WYNN concurring.

Appeal by defendant from order dated 17 January 1996 by Judge William H. Helms in Richmond County Superior Court. Heard in the Court of Appeals 1 May 1997.

*Kitchin, Neal, Webb & Futrell, P.A., by Stephan R. Futrell, for plaintiff-appellee.*

*Caudle & Spears, P.A., by Nancy E. Walker, for defendant-appellant.*

GREENE, Judge.

Karen Michelle English (defendant) appeals from an order granting a judgment notwithstanding the verdict (JNOV) for John T. Lassiter (plaintiff) and in the alternative seeks a new trial.

The plaintiff claims that he was injured in an automobile collision occurring on 28 February 1991 that was caused by the defendant's negligence. The evidence at trial shows the plaintiff did not seek immediate medical treatment and in fact drove away from the accident scene. In his complaint, plaintiff alleges that "[a]s a result of the collision . . . [he] suffered injuries to his neck, head, arm, back, elbow and hip" and "suffered great pain of mind and body." At the time of this accident, the plaintiff was receiving treatment for injuries he sustained in an earlier automobile accident which had occurred on 10 April 1990.

Although at trial plaintiff testified that "all of [his] disability and injuries and inability to work are because of . . . [the 28 February 1991] accident," Dr. Fred Douglas McQueen (McQueen), a physician specializing in family practice, testified that in 1988 he had written two letters regarding the plaintiff's medical condition in relation to a claim the plaintiff was making that he was disabled: the first "stating that [plaintiff] was totally infirm and disabled of gainful employment" because of severe gouty arthritis, hypertension, and severe depression. McQueen further testified that in 1989 he treated the plaintiff for a "right elbow problem" and plaintiff had symptoms of shortness of breath and asthma and McQueen "would definitely say he was disabled at that time." In January 1990 McQueen found him to have tendonitis, osteoarthritis, and other disorders relating to his nervous system which caused him severe pain. After the 10 April 1990 automobile accident the plaintiff was treated by McQueen for severe pain between his shoulder blades but McQueen did not assess him with a permanent partial disability and plaintiff did return to "light duty" work. McQueen testified that the plaintiff has a "chronic problem" with arthritis and would have "pain as long as he lives." He further testified that he could not "differentiate what pain" was caused by the 28 February 1991 accident from the pain resulting from his arthritis and that although he did not "feel that [the 28 February 1991] wreck . . . caused the arthritis . . . [he does] think it aggravated the underlying arthritis that was present" before the accident because prior to the accident he was working and "getting better." McQueen further testified that "[a]s a result" of the 28 February 1991 accident the

plaintiff "was unable to continue to perform his duties that he had before, and he then became disabled."

Dr. Theodore Y. Rogers (Rogers), an orthopaedic surgeon, testified that he first treated the plaintiff after the 10 April 1990 accident for lower back pain on his left side and neck. After the 28 February 1991 accident Rogers testified that the plaintiff had "developed pain on the right side of his neck." Rogers diagnosed him with "a lumbosacral strain of a chronic nature and a myositis." Rogers testified that these injuries were caused by the 28 February 1991 accident.

At the close of all the evidence the plaintiff made a motion "for [a] directed verdict on the issue of negligence" on the grounds that the defendant admitted that she did not see the vehicle even though her view was clearly unobstructed. No other motions for directed verdict were made. The trial court allowed the motion "for negligence" and noted that the issue of proximate cause would be submitted to the jury. In its instructions, the trial court informed the jury that it had already been determined that "the [d]efendant was at fault in causing this collision" and the jury was only to determine whether this negligence did "cause injury to the [p]laintiff." The trial judge then presented two issues, without objection, to the jury. The first issue stated: "Was the [plaintiff] . . . injured as a proximate result of the negligence of the [defendant] . . . ?" The jury answered "No" to this question, and thus did not reach the second issue regarding damages. After the verdict the plaintiff moved for a JNOV and in the alternative for a new trial. The asserted grounds for the motion were Rules 59(a)(1), (2), (5), (6), (8), and (9) of the North Carolina Rules of Civil Procedure. The trial court set aside the verdict and granted a JNOV (for the plaintiff) as to the first issue on the grounds that the jury's answer to the first issue was "contrary to the greater weight of the evidence." The trial court then ordered that the plaintiff was entitled to a new trial on damages. In the alternative, the trial court ordered that the plaintiff was entitled to a new trial on both liability and damages if the JNOV was reversed.

The issues are (I) whether entry of JNOV for the plaintiff on the issue of negligence and proximate cause was proper, and if not; (II) whether the trial court's alternative grant of a new trial was proper.

I

[1] To have standing after the verdict to move for JNOV, a party must have made a directed verdict motion at trial on the specific issue

LASSITER v. ENGLISH

[126 N.C. App. 489 (1997)]

which is the basis of the JNOV. *See Garrison v. Garrison*, 87 N.C. App. 591, 595-96, 361 S.E.2d 921, 924-25 (1987). The directed verdict motion "shall state the specific grounds" upon which the motion lies. N.C.G.S. § 1A-1, Rule 50(a) (1990). This Court's review of the grant of a JNOV is the same as our review of the grant of a motion for directed verdict. *Ace, Inc. v. Maynard*, 108 N.C. App. 241, 245, 423 S.E.2d 504, 507 (1992), *cert. denied*, 333 N.C. 574, 429 S.E.2d 567 (1993). If the party with the burden of proof has received the benefit of a directed verdict or a JNOV, this Court will sustain that ruling if "the evidence so clearly establishes the fact in issue that no reasonable inferences to the contrary can be drawn" and if the credibility of the movant's evidence is manifest as a matter of law. *North Carolina Nat'l Bank v. Burnette*, 297 N.C. 524, 536-37, 256 S.E.2d 388, 395 (1979).

In this case the basis of the plaintiff's motion for JNOV was that the evidence clearly established that the defendant's negligence was the proximate cause of his injuries. Although the plaintiff's earlier motion (made at the close of all the evidence) was "for directed verdict on the issue of negligence," the plaintiff's argument in support of his motion related only to how the accident occurred and there was no argument he was entitled to a directed verdict on the issue of proximate cause. Because negligence is a broad term encompassing breach of duty and proximate cause, *McGaha v. Smoky Mountain Stages, Inc.*, 263 N.C. 769, 772, 140 S.E.2d 355, 357 (1965) (to be actionable negligence has to be the proximate cause of the injury), a motion for directed verdict "on the issue of negligence" can support a subsequent JNOV motion on proximate cause but only if proximate cause was argued in support of the directed verdict motion.[1] Because proximate cause was not specifically raised by the plaintiff to support his directed verdict motion, the motion cannot, therefore, support entry of JNOV for the plaintiff on the basis of proximate cause.

[2] In any event, the JNOV was not proper for an additional reason. The evidence in this case does not clearly establish that the plaintiff's injuries were proximately caused by the defendant's negligence to the extent "that no reasonable inferences to the contrary can be drawn." The evidence can support several reasonable inferences, one of which is that the plaintiff's injuries were the result of his involvement in the 10 April 1990 automobile accident and/or his pre-existing con-

---

1. We do not hold that in every case that a party moving for directed verdict must argue in support of that motion to preserve his right to make a JUDGMENT NOTWITH-STANDING THE VERDICT motion. It is only when the motion itself does not state with particularity the basis of the motion that argument is necessary.

ditions. For example, prior to the 28 February 1991 accident the plaintiff had complained of back and neck pain for which he was undergoing current medical treatment and which are the same types of pain he also alleges arose from the 28 February 1991 accident. Thus, the trial judge erred in granting the plaintiff's motion for JNOV on the issue of proximate cause.

II

[3] A party moving for JNOV may alternatively motion for a new trial, N.C.G.S. § 1A-1, Rule 50(c)(1) (1990), and in the event the JNOV is reversed on appeal "the new trial shall proceed unless the appellate [court] has otherwise ordered." Commentary to N.C.G.S. § 1A-1 Rule 50 (quoting N.C.G.S. § 1A-1, Rule 50(c)(1)). The trial court's determination on the grant or denial of an alternative new trial is reversible only for an abuse of discretion. *Worthington v. Bynum*, 305 N.C. 478, 482, 290 S.E.2d 599, 602 (1982). A "greater degree of scrutiny," however, must be given to the *grant* of a new trial on the ground that the evidence is insufficient to justify the verdict. 12 James W. Moore et al., *Moore's Federal Practice* § 59.26[1] (3d ed. 1997) [hereinafter *Moore's Federal Practice*]; N.C.G.S. § 1A-1, Rule 59(a)(7) (allowing new trial on "[i]nsufficiency of the evidence to justify the verdict"). In order to sustain the granting of a new trial pursuant to Rule 59(a)(7) "the jury's verdict must be 'against the great—not merely the greater—weight of the evidence.'" *Moore's Federal Practice* § 59.26[1]; *see Scott v. Monsanto Co.*, 868 F.2d 786, 789 (5th Cir. 1989). This standard assures "that the [trial] judge does not simply substitute his judgment for that of the jury, thus depriving the litigants of their right to trial by jury." *Conway v. Chemical Leaman Tank Lines*, 610 F.2d 360, 362 (5th Cir. 1980); *see Moore's Federal Practice* § 59.26[1]. In this case, the alternative order for a new trial was based on N.C. Gen. Stat. § 1A-1, Rule 59(a)(7) and the evidence does not reveal that the jury's verdict is against the great weight of the evidence. The evidence on the proximate cause issue was highly controverted and neither party's position was supported by the great weight of the evidence.[2] Therefore the trial court abused its discretion in granting the motion for a new trial.

In summary the JNOV and the alternative new trial are reversed and the jury verdict is reinstated.

---

2. Great weight of the evidence must be distinguished from "substantial" evidence which is that amount of evidence necessary to carry a case to the jury. *See Ace*, 108 N.C. App. at 245, 423 S.E.2d at 507.

**IN RE APPLICATION BY C&P ENTERPRISES, INC.**

[126 N.C. App. 495 (1997)]

Reversed.

Judges WYNN concurs with separate opinion.

Judge TIMMONS-GOODSON concurs.

Judge WYNN concurring.

In my opinion, the directed verdict motion made by the plaintiff at trial sufficiently covered the issue that formed the basis for the JUDGMENT NOTWITHSTANDING THE VERDICT motion. Nonetheless, I concur in that part of the majority's opinion holding that the JUDGMENT NOTWITHSTANDING THE VERDICT was not proper for the reason that the evidence in this case does not clearly establish that the plaintiff's injuries were proximately caused by the defendant's negligence.