IN THE MATTER OF THE WILL OF CALVIN H. BUCK

No. 428PA98

(Filed 23 July 1999)

**Trials— motion for new trial for insufficient evidence—standard of review**

In a caveat proceeding, the Court of Appeals correctly concluded that the trial court did not abuse its discretion in its order granting a new trial on the issue of undue influence. The trial court's decision to exercise its discretion to grant or deny a motion for a new trial for insufficient evidence under N.C.G.S. § 1A-1, Rule 59(a)(7) must be based on the greater weight of the evidence as observed first-hand by the trial court; the test for appellate review continues to be simply whether or not the record affirmatively demonstrates an abuse of discretion by the trial court in doing so. *Lassiter v. English,* 126 N.C. 489 is overruled to the extent that it is inconsistent with this decision.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 130 N.C. App. 408, 503 S.E.2d 126 (1998), affirming in part, reversing in part, and remanding a judgment entered 18 February 1997 by Manning, J., in Superior Court, Gates County. Heard in the Supreme Court 10 May 1999.

*Baker, Jenkins, Jones & Daly, P.A., by Bruce L. Daughtry and Roger A. Askew, for propounder-appellees Mallory, Kenneth, and Ronald Gene Buck.*

*George B. Currin, Herbert T. Mullen, Jr., and H. Spencer Barrow for caveator-appellant Sandra Buck Jordan.*

MITCHELL, Chief Justice.

This appeal requires that we reconsider the standard to be used by an appellate court in reviewing the evidence before the trial court

**IN RE BUCK**

[350 N.C. 621 (1999)]

at the time of its ruling on a motion for a new trial under Rule 59(a)(7) of the North Carolina Rules of Civil Procedure for insufficiency of the evidence to justify the verdict of a jury. N.C.G.S. § 1A-1, Rule 59(a)(7) (1990). Specifically, we must determine whether the appellate courts must apply a different standard for reviewing such evidence when the trial court grants a new trial than is to be applied when the trial court denies a new trial. We conclude that the evidentiary standard to be applied on appellate review is the same in each instance. Accordingly, we affirm the decision of the Court of Appeals, which applied the appropriate standard in this case.

Evidence presented at trial tended to show that Calvin H. Buck (testator) died on 23 December 1995 and was survived by his five children, Sandra Buck Jordan, Kenneth Buck, Mallory Buck, Ronald Gene Buck, and Joseph Buck. After Calvin Buck's death, his son Mallory presented for probate a paper writing dated 13 November 1995 (1995 Will), which was purported to be testator's last will and testament. The 1995 Will named Mallory as executor and divided testator's estate equally among three of his four sons, Mallory, Kenneth, and Ronald Gene. No provision was made in the 1995 Will for Sandra, who was the chief beneficiary of her father's estate under a will and codicil prepared in 1989 and 1990, respectively.

On 8 January 1996, Sandra filed a caveat to the 1995 Will, alleging that testator lacked testamentary capacity at the time the will was executed and that the will was procured by undue influence upon the testator by Kenneth, Mallory, and Ronald Gene. At the conclusion of a jury trial in the Superior Court, Gates County, the jury returned a verdict in favor of Sandra. The jury found that testator lacked sufficient mental capacity to execute the 1995 Will and that it had been procured by undue influence and was therefore invalid. Mallory, Kenneth and Ronald Gene Buck, propounders, moved for judgment notwithstanding the verdict and alternatively for a new trial. The trial court entered an order granting judgment notwithstanding the verdict, directing that the 1995 Will be admitted to probate, and conditionally allowing the motion for a new trial. Caveator appealed.

The Court of Appeals affirmed the trial court's entry of judgment notwithstanding the verdict as to the issue of testamentary capacity, reversed the trial court's entry of judgment notwithstanding the verdict as to the issue of undue influence, and affirmed the trial court's granting of propounders' alternative motion for a new trial on the issues of undue influence and *devisavit vel non*. The Court of Appeals denied caveator's petition for rehearing.

**IN RE BUCK**

[350 N.C. 621 (1999)]

Caveator petitioned this Court for discretionary review, seeking review only of that part of the Court of Appeals' decision affirming the trial court's order conditionally granting a new trial on the issue of undue influence. On 4 February 1999, this Court allowed caveator's petition in order to review this single issue.

Caveator contends that the Court of Appeals erred by applying an incorrect standard for its appellate review of the trial court's order conditionally granting a new trial on the issue of undue influence. Pursuant to N.C.G.S. § 1A-1, Rule 50(b), a party who moves for judgment notwithstanding the verdict may also move, in the alternative, for a new trial. Rule 50(c)(1) provides:

> If the motion for judgment notwithstanding the verdict, provided for in section (b) of this rule, is granted, the court shall also rule on the motion for new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed, and shall specify the grounds for granting or denying the motion for the new trial. If the motion for new trial is thus conditionally granted, the order thereon does not affect the finality of the judgment. In case the motion for new trial has been conditionally granted and the judgment is reversed on appeal, the new trial shall proceed unless the appellate division has otherwise ordered.

N.C.G.S. § 1A-1, Rule 50(c)(1) (1990). When a party joins a motion for judgment notwithstanding the verdict with an alternative motion for a new trial, the trial court is required to rule on both. *Bryant v. Nationwide Mut. Fire Ins. Co*, 313 N.C. 362, 379, 329 S.E.2d 333, 343 (1985).

The trial court, acting in its discretion, granted propounders' alternative motion for a new trial as to the issue of undue influence, stating that "the jury's verdict was contrary to the weight of the credible evidence." This is the only portion of the trial court's order at issue before this Court on appeal.

At the outset, we note that the Court of Appeals expressed confusion concerning this Court's prior decisions regarding the proper standard for appellate review of trial court orders granting new trials for insufficiency of the evidence to justify the verdict. In *Summey v. Cauthen*, 283 N.C. 640, 197 S.E.2d 549 (1973), and *Dickinson v. Pake*, 284 N.C. 576, 201 S.E.2d 897 (1974), this Court reversed orders granting judgment notwithstanding the verdict and vacated orders which

conditionally granted new trials based upon the insufficiency of the evidence. In those cases, we indicated that a trial court's rulings on motions for a directed verdict at the close of the evidence and on motions for judgment notwithstanding the verdict after the jury had returned a verdict present only a question of law; that question is whether substantial evidence introduced at trial would support a verdict in favor of the nonmoving party. We did not mean to imply in either of those cases that a trial court's *discretionary* ruling granting or denying a motion for a new trial is to be reviewed on appeal as a question of law governed by whether substantial evidence introduced at trial supports the verdict returned by the jury. Neither *Dickinson* nor *Summey* should be read as supporting such a proposition.

We have often reiterated this Court's long-standing position that an order granting judgment notwithstanding the verdict, on the one hand, and an order granting a new trial for insufficiency of the evidence, on the other, present two different questions and require different standards of appellate review. In *Bryant v. Nationwide*, we stated that the questions concerning the sufficiency of the evidence to withstand a Rule 50 motion for directed verdict or judgment notwithstanding the verdict present an issue of law, while a motion for a new trial for insufficiency of the evidence pursuant to Rule 59(a)(7) is addressed to the discretion of the trial court. 313 N.C. at 379-81, 329 S.E.2d at 343-44. This position is consistent with our prior decisions over many years which have held uniformly that in the absence of an abuse of discretion, a trial court's ruling on a motion for a new trial due to the insufficiency of evidence is not reversible on appeal. *See, e.g., Investors Title Ins. Co. v. Herzig*, 330 N.C. 681, 696, 413 S.E.2d 268, 276 (1992); *Worthington v. Bynum*, 305 N.C. 478, 482, 290 S.E.2d 599, 602 (1982) (plurality opinion).

We take this opportunity to reemphasize the proper standard of appellate review with regard to a trial court's grant of a new trial for insufficiency of the evidence. Rule 59(a)(7) authorizes the trial court to grant a new trial based on the "insufficiency of the evidence to justify the verdict." N.C.G.S. § 1A-1, Rule 59(a)(7). We have previously indicated that, in this context, the term "insufficiency of the evidence" means that the verdict "was against the greater weight of the evidence." *Nationwide Mut. Ins. Co. v. Chantos*, 298 N.C. 246, 252, 258 S.E.2d 334, 338 (1979). The trial court has discretionary authority to appraise the evidence and to " 'order a new trial whenever in his opinion the verdict is contrary to the greater weight of the credible testimony.' " *Britt v. Allen*, 291 N.C. 630, 634, 231 S.E.2d 607, 611

IN RE BUCK

[350 N.C. 621 (1999)]

(1977) (quoting *Roberts v. Hill*, 240 N.C. 373, 380, 82 S.E.2d 373, 380 (1954)). Like any other ruling left to the discretion of a trial court, the trial court's appraisal of the evidence and its ruling on whether a new trial is warranted due to the insufficiency of evidence is *not to be* reviewed on appeal as presenting a question of law. *Id.* at 635, 231 S.E.2d at 611. As we stated in *Worthington*:

> It has been long settled in our jurisdiction that an appellate court's review of a trial judge's discretionary ruling either *granting or denying* a motion to set aside a verdict and order a new trial is *strictly limited* to the determination of whether the record affirmatively demonstrates an abuse of discretion by the [trial] judge.

305 N.C. at 482, 290 S.E.2d at 602 (emphasis added). This Court has long recognized this standard for appellate review of trial court orders granting new trials. *See, e.g.*, *Dixon v. Young*, 255 N.C. 578, 122 S.E.2d 202 (1961); *Caulder v. Gresham*, 224 N.C. 402, 30 S.E.2d 312 (1944); *Bird v. Bradburn*, 131 N.C. 488, 42 S.E. 936 (1902); *Brink v. Black*, 74 N.C. 329 (1876). We recently reaffirmed the application of this standard of review to rulings on Rule 59 motions. " '[A]n appellate court should not disturb a *discretionary* Rule 59 order unless it is reasonably convinced by the cold record that the trial judge's ruling probably amounted to a substantial miscarriage of justice.' " *Anderson v. Hollifield*, 345 N.C. 480, 483, 480 S.E.2d 661, 663 (1997) (quoting *Campbell v. Pitt County Mem'l Hosp., Inc.*, 321 N.C. 260, 265, 362 S.E.2d 273, 275 (1987)) (emphasis added).

The trial court's discretion to grant a new trial arises from the inherent power of the court to prevent injustice. *Britt*, 291 N.C. at 634, 231 S.E.2d at 611. In *Britt*, Chief Justice Sharp explained that the trial court's discretionary authority to set aside a verdict was a traditional authority vested in the court which was not diminished by the adoption of the Rules of Civil Procedure. *Id.* at 635, 231 S.E.2d at 612. In fact, the General Assembly has "no power" to deprive the courts of this inherent authority. N.C. Const. art. IV, § 1. Rather, the procedure for exercising this discretion was merely codified in Rule 59, which lists grounds on which a trial court may grant a new trial. *Britt* at 635, 231 S.E.2d at 612.

We have long recognized the importance of deferring to the trial court's discretionary rulings regarding the necessity for a new trial:

**IN RE BUCK**

[350 N.C. 621 (1999)]

[T]he trial judges of this state have traditionally exercised their discretionary power to grant a new trial in civil cases quite sparingly in proper deference to the finality and sanctity of the jury's findings. We believe that our appellate courts should place great faith and confidence in the ability of our trial judges to make the right decision, fairly and without partiality, regarding the necessity of a new trial. Due to their active participation in the trial, their first-hand acquaintance with the evidence presented, their observations of the parties, the witnesses, the jurors and the attorneys involved, and their knowledge of various other attendant circumstances, presiding judges have the superior advantage in best determining what justice requires in a certain case.

*Worthington,* 305 N.C. at 487, 290 S.E.2d at 605. It is impossible to place precise boundaries on the trial court's exercise of its discretion to grant a new trial. However, we emphasize that this power must be used with *great care and exceeding reluctance.* This is so because the exercise of this discretion sets aside a jury verdict and, therefore, will always have some tendency to diminish the fundamental right to trial by jury in civil cases which is guaranteed by our Constitution.

In the present case, caveator contends that for purposes of appellate review a distinction must be made between a trial court's granting of a motion for a new trial on the grounds of insufficient evidence and a trial court's denial of a motion for a new trial made on those same grounds. She argues that a *"heightened standard of review and a greater degree of scrutiny* is required when an appellate court reviews a trial court's *grant* of a new trial, which actually reverses and overturns a unanimous jury verdict." (Emphasis added.) Caveator stresses the importance of protecting the sanctity of jury verdicts.

In affirming the trial court's order allowing the motion for a new trial on the issue of undue influence, the Court of Appeals stated:

[W]e cannot say the trial court manifestly abused its discretion in its discretionary ruling that the jury's verdict was contrary to the *greater* weight of all the evidence in the case. Therefore, we will not disturb the order granting a new trial on the issues of undue influence and *devisavit vel non.*

*In re Will of Buck,* 130 N.C. App. 408, 417, 503 S.E.2d 126, 132 (1998) (emphasis added). Caveator says that the Court of Appeals erred by

not distinguishing between a trial court's grant and a trial court's denial of a Rule 59(a)(7) motion for a new trial due to the insufficiency of evidence. She argues that in reviewing the trial court's order granting a new trial, the Court of Appeals should have considered the jury's verdict in the context of whether such verdict was against the "great" weight of the evidence, not merely against the "greater" weight of the evidence.

The only North Carolina authority cited by caveator in direct support of her position is *Lassiter v. English*, a case in which our Court of Appeals made such a distinction, for purposes of appellate review, between the granting of a new trial and a denial of a new trial. 126 N.C. App. 489, 485 S.E.2d 840, *disc. rev. denied*, 347 N.C. 137, 492 S.E.2d 22 (1997). In *Lassiter*, the Court of Appeals stated:

> The trial court's determination on the grant or denial of an alternative new trial is reversible only for an abuse of discretion. *Worthington v. Bynum*, 305 N.C. 478, 482, 290 S.E.2d 599, 602 (1982). A "greater degree of scrutiny," however, must be given to the grant of a new trial on the ground that the evidence is insufficient to justify the verdict. 12 James W. Moore et al., *Moore's Federal Practice* § 59.26[1] (3d ed. 1997) [hereinafter *Moore's Federal Practice*]; N.C.G.S. 1A-1, Rule 59(a)(7) . . . . In order to sustain the granting of a new trial pursuant to Rule 59(a)(7) "the jury's verdict must be 'against the great—not merely the greater—weight of the evidence.' " *Moore's Federal Practice* § 59.26[1]; *see Scott v. Monsanto Co.*, 868 F.2d 786, 789 (5th Cir. 1989). This standard assures "that the [trial] judge does not simply substitute his judgment for that of the jury, thus depriving the litigants of their right to trial by jury." *Conway v. Chemical Leaman Tank Lines*, 610 F.2d 360, 362 (5th Cir. 1980).

126 N.C. App. at 494, 485 S.E.2d at 843. Caveator concludes that by applying the "greater weight" standard of review, the Court of Appeals "allowed the trial court to unconstitutionally substitute its view of the evidence for that of the jury and did not adequately take into account the constitutional necessity of affording due deference to the finality and sanctity of the jury verdict and the litigant's constitutional right to trial by jury."

This Court has consistently held that "[t]he trial judge is 'vested with the discretionary authority to set aside a verdict and order a new trial whenever in his opinion the verdict is contrary to the *greater* weight of the credible testimony.' " *Britt*, 291 N.C. at 634, 231 S.E.2d

at 611 (quoting *Roberts v. Hill*, 240 N.C. at 380, 82 S.E.2d at 380) (emphasis added). The Court of Appeals stated in *Lassiter*, however, that in order to sustain the granting of a new trial because of insufficient evidence, the jury's verdict must be against the great weight of the evidence, not the greater weight of the evidence. 126 N.C. App. at 494, 485 S.E.2d at 843. The "great weight" standard adopted by the Court of Appeals in *Lassiter* for appellate review of trial courts' discretionary orders granting new trials due to insufficiency of the evidence does not differ in any *practically* quantifiable way from the "greater weight" standard adopted by this Court in its prior decisions interpreting Rule 59(a)(7). Both standards attempt to limit the trial court's exercise of its discretion to set aside a jury verdict to those exceptional situations where the verdict is contrary to the evidence presented and will result in a miscarriage of justice.

Having carefully considered caveator's arguments and the legal authorities cited in support thereof, we are entirely unpersuaded. Accordingly, we decline to apply a different abuse of discretion standard to a trial court's grant versus a trial court's denial of a motion for a new trial for insufficiency of the evidence. In either instance, the trial court is required, in essence, to determine whether the verdict, because it is against the weight of the credible evidence, will result in an injustice if it is allowed to stand. Only the trial court has directly observed the evidence as it was presented and the attendant circumstances, as well as the demeanor and characteristics of the witnesses. *Worthington*, 305 N.C. at 487, 290 S.E.2d at 605. In determining whether to grant a new trial because the verdict is against the weight of the credible evidence, the primary focus of the trial court must be upon whether the verdict represents an injustice, not upon refined semantical distinctions between the "great" and "greater" weight of the evidence. Such semantical distinctions become even less useful for an appellate court which, unlike the trial court, does not have the opportunity to observe the trial firsthand and is at a distinct disadvantage in attempting to measure the weight and credibility of the evidence introduced at trial. We conclude that any distinction between the "great" and "greater" weight standards is like twenty-four carat gold, too refined for practical usefulness in this context.

There is no support in this Court's prior decisions for any such distinction. Therefore, we adhere to our previous recognition in *Worthington* of the viability of the simple abuse of discretion standard:

First, our Court has had many opportunities, if it were so inclined, to formulate a "precise" test for determining when an abuse of discretion has occurred in the trial judge's grant or denial of a motion for a new trial. Second, our Court has not, however, found it logically necessary or wise to attempt to define what an abuse of discretion might be in the abstract concerning any ground upon which a new trial may be granted. For well over one hundred years, it has been a sufficiently workable standard of review to say merely that a manifest abuse of discretion must be made to appear from the record as a whole with the party alleging the existence of an abuse bearing the heavy burden of proof.

*Worthington*, 305 N.C. at 484-85, 290 S.E.2d at 604 (footnote omitted). The trial court's decision to exercise its discretion to *grant or deny* a Rule 59(a)(7) motion for a new trial for insufficiency of the evidence must be based on the *greater* weight of the evidence as observed firsthand *only* by the trial court. The test for appellate review of a trial court's granting of a motion for a new trial due to insufficiency of the evidence continues to be simply whether the record affirmatively demonstrates an abuse of discretion by the trial court in doing so. *See Bryant*, 313 N.C. at 380, 329 S.E.2d at 343. To the extent that it is inconsistent with our decision here, the Court of Appeals' decision in *Lassiter* is overruled.

Having reaffirmed the uniform standard for appellate review of rulings on Rule 59(a)(7) motions for a new trial for insufficiency of the evidence, we now turn to the question of whether the trial court in this case abused its discretion by granting a new trial on the issue of undue influence. Caveator argues that under any standard of review, the record in this case affirmatively demonstrates a manifest abuse of discretion by the trial court. She contends that there was substantial evidence introduced which supported the jury's verdict that testator's 1995 Will was procured by undue influence. Caveator acknowledges that propounders' evidence may have supported a different theory as to why testator revoked his prior 1989 will, but she asserts that this evidence was "not so 'great' as to allow the trial judge to 'simply substitute his judgment for that of the jury.' " (Quoting *Lassiter*, 126 N.C. App. at 494, 485 S.E.2d at 843.) She contends that the conflicting evidence presented by the parties on the issue of undue influence presented a question of fact to be resolved by the jury, not the trial court. Caveator concludes that the trial court abused its discretion in setting aside the jury's verdict and granting a

new trial, and that the Court of Appeals erred in failing to reverse this order of the trial court.

The record in this case reveals that both parties presented substantial evidence in support of their theories as to why testator executed a new will in 1995. In its lengthy "Memorandum of Decision and Order," the trial court considered this conflicting evidence in detail and concluded that "the jury's verdict was contrary to the weight of the credible evidence." The Court of Appeals correctly applied the abuse of discretion standard of appellate review defined by this Court in *Bryant. Bryant*, 313 N.C. 362, 329 S.E.2d 333. Noting the trial court's "painstaking appraisal of the evidence," the Court of Appeals concluded that the trial court did not abuse its discretion in its order granting a new trial on the issue of undue influence. *Buck*, 130 N.C. App. at 417, 503 S.E.2d at 132. Having carefully considered the record in this case, we conclude that the Court of Appeals was correct.

AFFIRMED.