WEBER, HODGES & GODWIN COMMERCIAL REAL ESTATE SERVICES, LLC,
Plaintiff v. JOHN D. COOK and ROSE B. COOK, Defendants

No. COA07-248

(Filed 2 October 2007)

**1. Evidence— testimony of reluctance to sue—not prejudicial**

Testimony from the principal in a commercial real estate firm that he had been reluctant to pursue litigation in an action involving a commission was not prejudicial.

**2. Real Property— commercial commission—violation of exclusive right to sell**

The trial court did not err by denying defendant's motion for a judgment n.o.v. in an action for a commercial real estate commission. Plaintiff met its burden of presenting evidence of its expectation interest; defendants competed with plaintiff and breached their obligations under the exclusive right to sell in the listing agreement.

**3. Real Property— commercial commission—damages**

The trial court did not err by denying defendants' motion for a new trial in an action concerning a commercial real estate commission. Although defendants argue that the listing agreement limited plaintiff's recovery to actual damages, the agreement contained no such provision and no authority was cited for the proposition.

Appeal by defendants from judgment entered 25 September 2006 and order entered 23 October 2006 by Judge C. Philip Ginn in Watauga County Superior Court. Heard in the Court of Appeals 19 September 2007.

*Martin & Gifford, PLLC, by William H. Gifford, Jr., for plaintiff-appellee.*

*G. Gray Wilson, for defendants-appellants.*

TYSON, Judge.

John D. Cook ("defendant") and Rose B. Cook (collectively, "defendants") appeal from judgment entered after a jury awarded Weber, Hodges & Godwin Commercial Real Estate Services, LLC, ("plaintiff") $178,550.00 in damages. Defendants also appeal from

WEBER, HODGES & GODWIN COMMERCIAL REAL ESTATE SERVS., LLC v. COOK

[186 N.C. App. 288 (2007)]

order entered denying their motion for judgment notwithstanding the verdict or for new trial. We find no error.

## I. Background

Defendants owned a tract of commercial real property ("the property") located in Boone, North Carolina. On 3 April 2003, plaintiff and defendants entered into a one-year exclusive right to sell listing agreement for the sale and marketing of the property. The agreement provided for a ten percent commission payable on the gross sales price of the property. Plaintiff received and presented two offers to purchase portions of the property to defendants. Defendants rejected the partial sales. The parties renewed the exclusive right to sell listing agreement at the end of the first year. The renewed agreement expired 17 May 2005.

In January or February 2005, while the renewal listing was in effect, Ashok Patel ("Patel"), a local hotel developer, contacted defendant to discuss the property. Defendants failed to inform plaintiff they were discussing the property with Patel. On 18 August 2005, ninety-three days after the expiration of the listing agreement, Patel, through Boone Hospitality, LLC, purchased the property from defendants for $1,825,000.00. Plaintiff demanded payment of the commission and defendants refused.

Plaintiff filed suit seeking recovery of the commission. On 14 September 2006, a jury returned a verdict in favor of plaintiff and awarded damages in the amount of $178,550.00. On 25 September 2006, the trial court entered judgment based upon the jury's verdict. On 3 October 2006, defendants moved for judgment notwithstanding the verdict or for new trial. On 23 October 2006, the trial court denied defendants' motion. Defendants appeal both the judgment and the trial court's order.

## II. Issues

Defendants argue the trial court erred by: (1) admitting portions of testimony of plaintiff's principal; (2) denying their motion for judgment notwithstanding the verdict; and (3) denying their motion for a new trial.

## III. Testimony of Plaintiff's Principal

[1] Defendants assert the trial court erred in admitting portions of plaintiff's principal, Daniel Godwin's ("Godwin"), testimony and argue Godwin's testimony was prejudicial, unfairly influenced the

jury, and a different result would have occurred, but for the error. We disagree.

### A. Standard of Review

"[A]n error in the admission of evidence is not grounds for granting a new trial or setting aside a verdict unless the admission amounts to the denial of a substantial right." *Suarez v. Wotring*, 155 N.C. App. 20, 30, 573 S.E.2d 746, 752 (2002), *disc. rev. denied*, 357 N.C. 66, 579 S.E.2d 107 (2003). "The burden is on the appellant to not only show error, but also to show that he was prejudiced and a different result would have likely ensued had the error not occurred." *Id.*

### B. Analysis

Defendants argue the trial court erred by admitting Godwin's testimony regarding the term "exclusive right to sell" because it is contrary to North Carolina law. In *Insurance & Realty, Inc. v. Harmon*, this Court stated that the term "exclusive right to sell" "precludes the principal himself from competing with the agent." 20 N.C. App. 39, 42, 200 S.E.2d 443, 445 (1973). Godwin's testimony stated that "exclusive right to sell" means "the property cannot be sold during that listing term and anyone avoid paying the listing firm the commission specified in the agreement." Godwin's explanation of "exclusive right to sell" was consistent with *Insurance & Realty, Inc.*, and the trial court's admission of this testimony was proper.

Defendants argue Godwin's testimony that he did not want to pursue litigation and this action was the first commission lawsuit ever filed by plaintiff was designed solely to elicit sympathy. Defendants have failed to show Godwin's testimony was prejudicial and that a different result would have ensued had the jury not heard this testimony. This assignment of error is overruled.

Defendants also argue the trial court erred in admitting Godwin's testimony concerning whether he doctored the signature page of the contract. Defendants failed to object to Godwin's testimony and did not move to strike this testimony. "In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make . . . ." N.C.R. App. P. 10(b) (2007). Defendants' counsel failed to object to this portion of Godwin's testimony. This issue is not properly before this Court and is dismissed.

## IV. Motion for Judgment Notwithstanding the Verdict

**[2]** Defendants argue the trial court erred in denying their motion for judgment notwithstanding the verdict on the grounds that the evidence is legally and factually insufficient to support a finding of damages against them. We disagree.

### A. Standard of Review

> The standard of review of directed verdict is whether the evidence, taken in the light most favorable to the non-moving party, is sufficient as a matter of law to be submitted to the jury. When determining the correctness of the denial for directed verdict or judgment notwithstanding the verdict, the question is whether there is sufficient evidence to sustain a jury verdict in the non-moving party's favor, or to present a question for the jury. Where the motion for judgment notwithstanding the verdict is a motion that judgment be entered in accordance with the movant's earlier motion for directed verdict, this Court has required the use of the same standard of sufficiency of evidence in reviewing both motions.

*Davis v. Dennis Lilly Co.*, 330 N.C. 314, 322-23, 411 S.E.2d 133, 138 (1991) (internal citations and quotations omitted).

### B. Analysis

"As a general rule, the injured party in a breach of contract action is awarded damages which attempt to place the party, insofar as possible, in the position he would have been in had the contract been performed." *Strader v. Sunstates Corp.*, 129 N.C. App. 562, 571, 500 S.E.2d 752, 757, *disc. rev. denied*, 349 N.C. 240, 514 S.E.2d 274 (1998). "[T]he injured party has a right to damages based on his expectation interest as measured by . . . the loss in the value to him of the other party's performance caused by its failure or deficiency." *First Union Nat'l Bank v. Naylor*, 102 N.C. App. 719, 725, 404 S.E.2d 161, 164 (1991) (internal quotations omitted). "The interest being protected by this general rule is the non-breaching party's expectation interest, and in so doing, the injured party receives the benefit of the bargain." *Id.*

The exclusive right to sell listing agreement entered into by the parties states the "Listing Agency shall have the exclusive right to sell the Property as agent of the Seller." The agreement provides a ten percent (10%) commission of the gross sales price of the property to be paid to plaintiff upon the sale of the property.

Paragraph 6.a. of the listing agreement provides:

EXCLUSIVE RIGHTS: Seller agrees to cooperate with Listing Agency (or agents acting for or through it) to facilitate the sale of the Property. *The Property may be shown only by appointment made by or through Listing Agency. Seller shall refer to Listing Agency all inquiries or offers it may receive regarding this Property.* Seller agrees to cooperate with Listing Agency in bringing about a sale of the Property, to furnish Listing Agency with a copy of any lease or master lease affecting the Property and *to immediately refer to Listing Agency all inquiries by anyone interested in the Property. All negotiations shall be conducted through Listing Agency.* Listing Agency shall be identified as the contact firm with all state and local economic development agencies being notified of the Property's availability.

(Emphasis supplied).

Paragraph 6.c. provides:

LATER SALE TO PROSPECT: If within 120 days after the expiration of the exclusive listing period Seller shall directly or indirectly sell or agree to sell the Property to a party to whom the Listing Agency . . . has communicated concerning the Property during this exclusive period, Seller shall pay Listing Agency the same commission to which it would have been entitled had the sale been made during the exclusive listing period; provided, that the names of prospects are delivered or postmarked to the Seller within 25 days after the expiration of the exclusive listing period.

Plaintiff presented evidence of: (1) a sale of defendants' property being consummated within the applicable time period of the listing agreement; (2) the sales commission percentage due it, as set forth in the listing agreement; (3) defendants' breach of the listing agreement; and (4) its damages as a result of defendants' breach. Plaintiff met its burden of presenting evidence of its expectation interest. Defendants competed with plaintiff and breached their obligations under the exclusive right to sell clause of the listing agreement.

Viewed in the light most favorable to the non-moving party, plaintiff presented sufficient evidence for the issues to be submitted to the jury. The trial court properly denied defendants' motion for judgment notwithstanding the verdict. This assignment of error is overruled.

## V. Motion for New Trial

**[3]** Defendants argue the trial court erred in denying their motion for a new trial based upon insufficiency of the evidence. We disagree.

### A. Standard of Review

The standard of review for a trial court's denial of a motion for a new trial based upon insufficiency of the evidence is abuse of discretion. *In re Will of Buck*, 350 N.C. 621, 624, 516 S.E.2d 858, 860 (1999). " 'An appellate court should not disturb a *discretionary* Rule 59 order unless it is reasonably convinced by the cold record that the trial judge's ruling probably amounted to a substantial miscarriage of justice.' " *Id.* at 625, 516 S.E.2d at 861 (quoting *Anderson v. Hollifield*, 345 N.C. 480, 483, 480 S.E.2d 661, 663 (1997)) (alteration in original).

### B. Analysis

Rule 28(b)(6) of the North Carolina Rules of Appellate Procedure states:

> The body of the argument . . . shall contain citations of the authorities upon which the appellant relies. Evidence or other proceedings material to the question presented may be narrated or quoted in the body of the argument, with appropriate reference to the record on appeal or the transcript of proceedings, or the exhibits.

N.C.R. App. P. 28(b)(6) (2007). "The North Carolina Rules of Appellate Procedure are mandatory and 'failure to follow these rules will subject an appeal to dismissal.' " *Viar v. N.C. DOT*, 359 N.C. 400, 401, 610 S.E.2d 360, 361 (2005) (quoting *Steingress v. Steingress*, 350 N.C. 64, 65, 511 S.E.2d 298, 299 (1999)).

Defendants argue that the Listing Agreement limited plaintiff's recovery to actual damages. Defendants cite no authority for this statement and the Listing Agreement contains no provision limiting plaintiff's recovery to its actual damages. In the absence of any authority cited or any evidence that the agreement limited plaintiff's recovery, this assignment of error is dismissed.

### VI. Conclusion

The trial court properly admitted Godwin's testimony. Defendants have not shown the admission of the testimony to be error or that they were "prejudiced and a different result would have likely occurred had the error not occurred." *Suarez*, 155 N.C. App. at 30, 573 S.E.2d at 752. Defendants failed to object to or move to strike a por-

tion of Godwin's testimony. This assignment of error is dismissed. The trial court properly denied defendants' motion for judgment notwithstanding the verdict.

Viewed in the light most favorable to the non-moving party, plaintiff presented sufficient evidence supporting each element of its breach of contract claim. The trial court did not abuse its discretion by denying defendants' motion for a new trial based upon insufficiency of the evidence. We find no error in the jury's verdict or the judgment entered thereon or the trial court's order.

No Error.

Judges McGEE and ELMORE concur.