COLLINS, Judge, concurring.
I concur in the majority opinion, but write separately to explain how the Complaint, which does not specifically cite N.C. Gen. Stat. § 49-14 as a basis for Plaintiff's paternity claim, is legally sufficient to bring the claim to the court's attention.
Plaintiff's Complaint specifically mentions N.C. Gen. Stat. §§ 29-18 and 29-19 as the legal bases for her paternity and inheritance claims. Section 29-18, which concerns the inheritance rights of legitimated children, is *312 not available to Plaintiff, as the record nowhere reflects that she is a legitimated child. The record does reflect that Plaintiff is a child born out of wedlock, however, and as mentioned, a child born out of wedlock may take from a decedent under section 29-19 if the child gets a judgment that the decedent was the child's parent.
As Defendant Williams noted in her motion for summary judgment, posthumous determination of paternity may only be effected by N.C. Gen. Stat. § 49-14. The Complaint does not specifically cite section 49-14 as a basis for Plaintiff's paternity claim, but courts have held that a plaintiff's failure to cite the correct statutory basis for a claim is not fatal to the claim so long as the claim brought is legally sufficient and brought to the court's attention. See Garrison v. Garrison , 87 N.C. App. 591, 596, 361 S.E.2d 921, 925 (1987) ("The failure to state a particular rule number as a basis for a motion is not a fatal error so long as the substantive grounds and relief desired are apparent and the opponent of the motion is not prejudiced thereby.").
Defendants can claim no surprise here, since (1) Plaintiff expressly sought a determination of paternity in her prayer for judgment, (2) the Complaint mentions section 49-14 as a possible basis for Plaintiff's section 29-19 claim, and (3) Defendant Williams discussed section 49-14 in her motion for summary judgment to the trial court. Because Plaintiff's paternity claim is legally sufficient, the correct statutory basis for Plaintiff's paternity claim was before the trial court, and Defendants were aware of the proper statute (and therefore capable of contesting *109 the claim),[3] I agree that we may construe the Complaint as having sought-and the trial court as having granted-a declaratory judgment under section 49-14 that Mr. Johnson was Plaintiff's father.

In contesting Plaintiff's motion for summary judgment, Defendants could have provided the trial court with sworn evidence controverting the DNA test report as contemplated by Rule 56(e), or petitioned the trial court to allow them to take depositions or discovery in order to seek evidence they might use to controvert the DNA test report as contemplated by Rule 56(f), but did neither.