HAROLD ROWELL D/B/A AMERICAN BUILDERS, PLAINTIFF v. NORTH CAROLINA
EQUIPMENT COMPANY, DEFENDANT

No. COA00-1138

(Filed 2 October 2001)

**1. Statute of Limitations— breach of contract—fraud—contract for repairs**

The trial court properly entered summary judgment in favor of defendant on the breach of contract and fraud claims arising out of the parties' contract to repair plaintiff's loader because: (1) the undisputed facts establish that the contract between the parties was for repairs; and (2) plaintiff failed to meet the three-year statute of limitations for breach of contract and fraud claims provided under N.C.G.S. § 1-52.

**2. Statute of Frauds— contract for repairs—inapplicable**

The trial court properly entered summary judgment in favor of defendant on the statute of frauds claim arising out of the parties' contract to repair plaintiff's loader because: (1) the statute applies to the sale of general intangibles such as bilateral contracts and royalty rights; and (2) the contract between these parties was for repairs. N.C.G.S. § 25-1-206.

**3. Unfair Trade Practices— contract for repairs—summary judgment**

The trial court properly entered summary judgment in favor of defendant on the unfair and deceptive trade practices claim under N.C.G.S. § 75-1.1 arising out of the parties' contract to repair plaintiff's loader, because there is insufficient evidence to support this claim.

**4. Conversion— contract for repairs—summary judgment**

The trial court properly entered summary judgment in favor of defendant on the conversion claim arising out of the parties' contract to repair plaintiff's loader because defendant had legal

authority under N.C.G.S. §44A-4 to sell the loader for unpaid repair fees.

**5. Mechanics' Liens–sale of property— failure to comply with notice requirements–damages**

A defendant's failure to substantially comply with the notice requirements under N.C.G.S. § 44A-4 before it sold plaintiff's loader in order to recoup unpaid repair fees entitles plaintiff to actual damages in addition to the $100 statutory penalty awarded by the trial court, and the actual damages are to be determined by a jury.

Appeal by plaintiff from judgment entered 14 April 2000 by Judge J. Marlene Hyatt in Buncombe County Superior Court. Heard in the Court of Appeals 22 August 2001.

*Harold Rowell, Pro Se-appellant.*

*Moore & Van Allen, P.L.L.C., by Joseph W. Eason and Paula L. Hopper, for defendant-appellee.*

TYSON, Judge.

Harold Rowell d/b/a American Builders appeals the trial court's entry of summary judgment and denial of plaintiff's motion for relief from judgment or order under N.C. R. Civ. P. 60(b).

I. Facts

In late May or early June of 1994, Harold Rowell d/b/a American Builders ("plaintiff") entered into a contract with North Carolina Equipment Company ("defendant") for repairs to his Dresser 125-E Track Loader ("loader"). The original estimate for repairs was $3,500.00. Plaintiff's machine was disassembled, and defendant advised plaintiff that further repairs were needed. Plaintiff later agreed to the additional repairs that increased the estimate to $5,000.00. On 6 June 1994, plaintiff went to defendant's shop and offered to pay $5,000.00 in advance. Defendant explained to plaintiff that the final cost would be based on "time and materials" and that the final amount would not be known until defendant completed the work.

On 18 September 1994, plaintiff paid $500.00 towards the repair costs. On 13 October 1994, defendant told plaintiff that the repairs totaled $8,131.08 and that plaintiff could not remove the loader until

ROWELL v. N.C. EQUIP. CO.

[146 N.C. App. 431 (2001)]

he paid the bill in full. Plaintiff refused to pay the total bill, but did pay an additional $500.00. Plaintiff paid an additional $2,000.00 on 25 January 1995 and another $500.00 on 22 May 1995, totaling $3,500.00. All payments were accepted by defendant and credited to the balance owed.

Defendant sent plaintiff letters in February, May, and June of 1995 informing plaintiff that his account was overdue and that failure to settle the account would result in a public auction of the loader. On 22 October 1995, plaintiff forwarded a check in the amount of $3,500.00, marked "paid in full", to defendant. Defendant, in a letter to plaintiff dated 26 October 1995, stated that it would not accept the check as payment in full and that failure to settle the account by 10 November 1995 would result in a public auction of the loader. Defendant failed to return plaintiff's check. The letter did not specify a sale date.

On 10 January 1996, defendant's counsel sent plaintiff a letter via certified mail that defendant was prepared to sell the loader. On 1 February 1996, defendant's counsel sent plaintiff a notice of public sale via certified mail. Plaintiff did not receive either the letter or the notice. Plaintiff testified in his deposition that it was his policy not to accept certified mail.

On 14 February 1996, defendant sold the loader at public auction, to enforce its statutory lien, for $8,500.00. Defendant deducted $5,784.96 for the balance due, $500.00 for attorney fees, $154.80 for sale expenses, and deposited $2,060.24 with the Clerk of Court. Plaintiff was notified by letter of the sale and deposit with the Clerk on or about 22 February 1996. Plaintiff commenced this action on 15 February 1999 alleging: (1) breach of contract, (2) fraud, (3) conversion, (4) unfair and deceptive trade practices, N.C. Gen. Stat. Sec. 75-1.1, and (5) improper notice of sale under N.C. Gen. Stat. Sec. 44A-4(e). On 14 April 2000, the trial court entered summary judgment in favor of plaintiff for claims that defendant violated N.C. Gen. Stat. Sec. 44A-4 and awarded plaintiff the statutory penalty in the amount of $100.00 pursuant to N.C. Gen. Stat. Sec. 44A-4(g). The trial court entered summary judgment in favor of defendant on all other claims. Plaintiff appeals. Defendant did not cross-appeal. We affirm in part and vacate and remand in part the judgment of the trial court.

## II. Issues

Plaintiff argues that the trial court erred in granting summary judgment, because there are genuine issues of material facts.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." N.C. Gen. Stat. Sec. 1A-1, Rule 56(c) (1999). The evidence must be reviewed in the light most favorable to the party opposing summary judgment. *GATX Logistics, Inc. v. Lowe's Companies, Inc.*, 143 N.C. App. 695,-698, 548, S.E.2d 193, 196 (2001) (citing *Massengill v. Duke Univ. Med. Ctr.*, 133 N.C. App. 336, 515 S.E.2d 70 (1999)).

Defendant asserts that plaintiff's claims for breach of contract, fraud, conversion, and unfair and deceptive trade practices are barred by the statute of limitations. "Generally, whether a cause of action is barred by the statute of limitations is a mixed question of law and fact." *Pembee Mfg. Corp. v. Cape Fear Constr. Co., Inc.*, 69 N.C. App. 505, 508, 317 S.E.2d 41, 43 (1984) (citing *Ports Authority v. Roofing Co.*, 294, N.C. 73, 240 S.E.2d 345 (1978)). However, where the statute of limitations is properly pled and the facts are not in conflict, the issue becomes a matter of law, and summary judgment is appropriate. *Blue Cross and Blue Shield of N.C. v. Odell Assoc., Inc.*, 61 N.C. App. 350, 356, 301 S.E.2d 459, 462 (1983) (citations omitted).

### A. Breach of Contract and Fraud

[1] N.C. Gen. Stat. Sec. 1-52 (1999) provides a three year statute of limitations for breach of contract and fraud claims. The statute of limitations begins to run when plaintiff's right to maintain an action for the alleged wrong accrues. *F.D.I.C. v. Loft Apartments, L.P.*, 39 N.C. App. 473, 476, 250 S.E.2d 693, 695 (1979).

Plaintiff argues that this contract is governed by Chapter 25, Uniform Commercial Code, and a four year statute of limitations. N.C. Gen. Stat. Sec. 25-2-725 (1999). This statute applies to the sale of goods. N.C. Gen. Stat. Sec. 25-2-102 (1999). The undisputed facts establish that the contract between the parties was for repairs. Plaintiff's action, therefore, was barred by the three year statute of limitations.

Plaintiff testified in his deposition that the breach of the repair contract occurred on 13 October 1994 when defendant informed him that the total cost of repairs was $8,131.08. Plaintiff alleged in his amended complaint that defendant engaged in fraud by making misrepresentations concerning necessary repairs. All repairs were com-

ROWELL v. N.C. EQUIP. CO.

[146 N.C. App. 431 (2001)]

pleted by 13 October 1994. Plaintiff filed this action on 15 February 1999. The trial court properly entered summary judgment for the defendant as to the breach of contract and fraud claims.

### B. Statute of Frauds

[2] Plaintiff argues that this contract is governed by Chapter 25, Uniform Commercial Code, requiring a written contract. A contract for the sale of goods of $500.00 or more must be in writing to be enforceable pursuant to N.C. Gen. Stat. Sec. 25-2-201 (1999). This statute applies to the sale of goods. A contract for the sale of personal property over $5,000.00 must be in writing to be enforceable pursuant to N.C. Gen. Stat. Sec. 25-1-206 (1999). This statute applies to the sale of general intangibles such as bilateral contracts, royalty rights, or the like. We have previously determined that the contract between these parties was for repairs; therefore, these statutes do not apply. We overrule this assignment of error.

### C. Unfair and deceptive trade practices

[3] Plaintiff argues that the trial court erred in concluding as a matter of law that defendant did not commit an unfair and deceptive trade practice. In order to prove an unfair and deceptive trade practice, plaintiff must show that defendant engaged in "unfair or deceptive acts or practices in or affecting commerce." N.C. Gen. Stat. Sec. 75-1.1 (1999). This Court has previously stated:

> [w]hether a trade practice is unfair or deceptive usually depends upon the facts of each case and the impact the practice has in the marketplace. A practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers . . . . In essence, a party is guilty of an unfair act or practice when it engages in conduct which amounts to an inequitable assertion of its power or position.

*Forbes v. Par Ten Group, Inc.*, 99 N.C. App. 587, 600, 394 S.E.2d 643, 650 (1990) (citations omitted). We have conducted an extensive review of the case law and the record and do not find evidence that is sufficient to support a claim for unfair and deceptive trade practices.

### D. Conversion

[4] We also hold that defendant had legal authority to sell the loader for unpaid repair fees pursuant to N.C. Gen. Stat. 44A-4. Be-

cause defendant had legal authority to sell, plaintiff has no claim for conversion. *See Drummond v. Cordell*, 73 N.C. App. 438, 439, 326 S.E.2d 292, 293 (1985), superseding 72 N.C. App. 262, 324 S.E.2d 301 (1984), *aff'd*, 315 N.C. 385, 337 S.E.2d 850 (1986) (because lienor had authority to sell the vehicle to collect storage charges pursuant to G.S. 44A-4, plaintiff has no claim for conversion). Summary judgment was also proper as to this claim.

### E. Chapter 44A statutory liens

[5] Defendant sold plaintiff's loader on 14 February 1996. Plaintiff received notice that the loader had been sold on or about 22 February 1996. Plaintiff's claim for a violation of N.C. Gen. Stat. 44A was timely filed.

There is no dispute that defendant failed to comply with N.C. Gen. Stat. Sec. 44A-4(b), which gives defendant the right to enforce its statutory lien by selling the loader. N.C. Gen Stat. Sec. 44A-4(b)(2) (1999) provides that the lienor shall issue notice to the person having legal title to the property and specifies what the notice shall contain. The record reveals that defendant failed to: (1) provide plaintiff with notice; (2) state the general nature of the services performed and the amount of the lien; (3) inform plaintiff of the right to a judicial hearing; and, (4) that plaintiff had 10 days to request a hearing.

There is also no dispute that defendant failed to comply with N.C. Gen. Stat. Sec. 44A-4(e)(1). The record reveals that defendant failed to (1) provide notice to the person having legal title to the property and (2) publish notice of the sale once a week for two consecutive weeks in a newspaper of general circulation in the same county. N.C. Gen. Stat. Sec. 44A-4(e)(1)(a1)-(b) (1999).

An essential principle of due process is that a deprivation of life, liberty, or property be preceded by notice reasonably calculated, under all the circumstances, to apprize interested parties of the pendency of the action and opportunity for hearing appropriate to the nature of the case. *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 314, 94 L. Ed. 2d 865, 873 (1950). "Personal service of written notice within the jurisdiction is the classic form of notice always adequate in any type of proceeding." *Id.* "The right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." *Id.*

This Court held that a determination of whether a defendant failed to substantially comply with the provisions of either 44A-4(c) or 44A-4(e) is a factual issue reserved for the jury. *Drummond* at 441, 326 S.E.2d at 293 (lienor did not cause notice to be mailed to the person having legal title and did not advertise the sale by posting a copy at the courthouse door). In *Drummond*, the case went to trial and we held that the trial court erred in failing to submit the issue that defendant failed to substantially comply with the provisions of 44A-4(e) to the jury. *Id.*

In considering a motion for summary judgment, the trial court, as the finder of fact, found that defendant failed to substantially comply with the provisions of 44A-4(e). Defendant concedes that it did not fully comply with 44A-4(e). Defendant did not appeal the entry of summary judgment on this issue.

Since defendant failed to substantially comply with N.C. Gen. Stat. Sec. 44A-4, plaintiff is entitled to actual damages, if any, in addition to the $100.00 statutory penalty awarded by the trial court. *Id.* N.C. Gen. Stat. 44A-4(g) provides:

> "[i]f the lienor fails to comply substantially with any of the provisions of this section, the lienor shall be liable to the person having legal title to the property or any other party injured by such noncompliance in the sum of one hundred dollars ($100.00) . . . . **in addition to actual damages** to which any party is otherwise entitled."

N.C. Gen. Stat. Sec. 44A-4(g) (1999) (emphasis supplied). This Court also held that the determination of actual damages, if any, is reserved for the jury. *Id.* The measure of actual damages would be the difference between the fair market value of the loader at the time of the sale and the amount for which the loader was actually sold. *Id.*

We vacate the order in part and remand to the trial court for the jury to determine whether plaintiff suffered actual damages.

Affirmed in part and vacated and remanded in part.

Judges WYNN and HUNTER concur.