LARRY D. HANNAH, PLAINTIFF v. NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, DEFENDANT

No. COA07-151

(Filed 20 May 2008)

**1. Appeal and Error— preservation of issues—failure to cite authority—standard of review not stated—issue not considered**

Questions concerning insurance coverage were not addressed where plaintiff's counsel did not cite authority in support of his contentions and did not even cite the applicable standard of review. While the Court could hear the issues in its discretion, the questions raised have not been previously addressed by the North Carolina appellate courts and it would not be appropriate to do so in the absence of proper briefing.

HANNAH v. NATIONWIDE MUT. FIRE INS. CO.

[190 N.C. App. 626 (2008)]

**2. Estoppel— insurance coverage—extension of coverage— waiver and estoppel not available**

The principles of waiver and estoppel did not apply in an action to determine insurance coverage after a fire where parents sold their house to an adult child and moved out, the insurance policy was continued, and the son sought to recover for damage to his property after the fire. Waiver and estoppel are not available to obtain protection against risks not included within the policy.

**3. Appeal and Error— Rules violations—no interference with ability to review—no sanctions**

Multiple violations of the Rules of Appellate Procedure (such as not double spacing and not including the standard of review) that did not affect the Court's ability to review the appeal and sanctions were not imposed in those instances.

Appeal by plaintiff from judgment entered 22 September 2006 by Judge Beverly T. Beal in Cleveland County Superior Court. Heard in the Court of Appeals 20 September 2007.

*Cerwin Law Firm, P.C., by Todd R. Cerwin, for plaintiff-appellant.*

*Baucom, Claytor, Benton, Morgan & Wood, P.A., by Rex C. Morgan, for defendant-appellee.*

GEER, Judge.

Plaintiff Larry D. Hannah appeals from a declaratory judgment, entered following a bench trial, holding that his personal property, destroyed in a fire, was not covered under the homeowner's insurance policy issued by defendant Nationwide Mutual Fire Insurance Company. On appeal, Hannah has presented no authority to support his contention that the express terms of the policy provide coverage of his personal property, and we, therefore, do not consider that argument. He argues, alternatively, that Nationwide is required to provide coverage based on the doctrines of waiver and estoppel. Because waiver and estoppel cannot operate to extend coverage to risks not already covered by a policy, we affirm the trial court's entry of judgment in favor of Nationwide.

Following the bench trial, the trial court entered findings of fact and conclusions of law. Hannah has not assigned error to any of the

trial court's findings of fact and, therefore, those findings are binding on appeal. *Johnson v. Herbie's Place*, 157 N.C. App. 168, 180, 579 S.E.2d 110, 118, *disc. review denied*, 357 N.C. 460, 585 S.E.2d 760 (2003). *See also Okwara v. Dillard Dep't Stores, Inc.*, 136 N.C. App. 587, 591, 525 S.E.2d 481, 484 (2000) ("[E]ach contested finding of fact must be separately assigned as error, and the failure to do so results in a waiver of the right to challenge the sufficiency of the evidence to support the finding."). Because of Hannah's failure to challenge the findings of fact, "[o]ur review . . . is limited to the question of whether the trial court's findings of fact, which are presumed to be supported by competent evidence, support its conclusions of law and judgment." *Id.* at 591-92, 525 S.E.2d at 484.

## Facts

The trial court made the following findings of fact. On 19 March 2003, Hannah and his wife entered into a contract with Hannah's mother and stepfather—Mary M. Sessoms and John V. Sessoms—to purchase a house and lot located at 814 Fourth Street, Kings Mountain, North Carolina. Mr. and Mrs. Sessoms moved out of the house within a week of the contract and since that time have continuously resided elsewhere.

Under the 19 March 2003 contract, Hannah was required to make the mortgage payments on the property, with John and Mary Sessoms agreeing to deed the property to Hannah once the mortgage was paid in full. The contract also required Hannah to keep the improvements on the land insured for the benefit of Mr. and Mrs. Sessoms against loss by fire and to pay the premiums for the insurance.

Prior to 19 March 2003, Mr. and Mrs. Sessoms had insured the 814 Fourth Street property through Nationwide. Hannah agreed with Mr. Sessoms that they would continue the Nationwide policy and would make the premium payments necessary to keep the Nationwide policy in effect. In June 2003, Hannah's wife made the premium payment to Nationwide and requested that future premium notices be mailed to "John Sessoms, c/o Larry Hannah" at 814 Fourth Street. She repeated this request in November 2003. No one, however, notified Nationwide or its agent that John and Mary Sessoms had moved from the property or that the Hannahs had personal property at the 814 Fourth Street address.

On 14 October 2004, a fire destroyed the house at 814 Fourth Street and most of the personal property owned by Hannah. That same date, Nationwide's Claims Department sent a letter acknowl-

edging the claim for fire damage and requesting information. The letter identified the "insured" under the Nationwide policy as "John V. Sessoms, c/o Larry Hannah." In response to the letter and a verbal direction of a Nationwide adjuster, Hannah sent Nationwide a 29-page inventory of personal property lost in the fire that he claimed was valued for replacement cost purposes at $55,283.50.

Subsequently, an adjuster with Nationwide gave Hannah a check for $2,000.00 for additional living expenses that was made out to "John Sessoms, c/o Larry Hannah." In addition, on approximately 6 December 2004, Nationwide issued two checks in connection with the loss. One check in the amount of $14,471.28 was made payable to John V. Sessoms and Wachovia Mortgage Corporation for the mortgage debt on the property. The second check, in the amount of $89,385.89, was made payable to John V. Sessoms.

In a letter dated 8 December 2004, addressed to "John V. Sessoms, c/o Larry Hannah," Nationwide denied Hannah's claim for personal property loss under Coverage C of the Nationwide policy. Nationwide stated that since the Hannahs were not residents of the Sessoms household where the Sessoms resided, they did not qualify as "insureds" under the policy.

Coverage A of the policy provided coverage for "[t]he dwelling on the residence premises shown in the Declarations, including structures attached to the dwelling[.]" Coverage C of the policy provided coverage for "personal property owned or used by an insured while it is anywhere in the world." At the insured's request, the policy would also cover personal property owned by "[o]thers while the property is on the part of the residence premises occupied by an insured."

"Insured" was defined to "mean[] you and residents of your household who are . . . [y]our relatives." The words "you" and "your" "refer[red] to the 'named insured' shown in the Decarations and the spouse if a resident of the same household." The declarations page of the Nationwide policy at issue identifies the named insured under the policy as:

> JOHN V. SESSOMS
> C/O LARRY HANNAH
> 814 FOURTH STREET
> KINGS MOUNTAIN NC 28086-2115

The policy defined "Insured location" to mean "[t]he residence premises." Further, "Residence premises" means, under the policy:

a) The one family dwelling, other structures, and grounds; or

b) That part of any other building;

where you reside and which is shown as the residence premises in the Declarations.

The declarations page identified the "residence premises" as 814 Fourth Street, Kings Mountain.

On the date of the fire, Mr. and Mrs. Sessoms lived at 906 Lavender Road, Grover, North Carolina. They did not reside at 814 Fourth Street. The trial court found that Hannah and his family were not residents of the household where John and Mary Sessoms resided at the time of the loss. Finally, neither John nor Mary Sessoms had requested that Nationwide provide coverage for the personal property of Hannah or his family prior to the fire.

Based on these findings of fact, the trial court concluded that the policy did not provide coverage for Hannah's personal property lost or damaged in the 14 October 2004 fire. The court also concluded that "[t]he payment by Nationwide of additional living expenses to [Hannah] and/or the payments under Coverage A of the Nationwide policy for damages to the premises do not constitute a waiver or estoppel of Nationwide's denial of Plaintiff's claim for damages to personal property under the policy." The court, therefore, entered a declaratory judgment in favor of Nationwide, "find[ing] that there is no coverage for any claims made by [Hannah] under the Nationwide policy, and further find[ing] that Nationwide has no obligation to make any payments to [Hannah] for any claims under the Policy in connection with the fire of October 14, 2004." Hannah timely appealed this judgment to this Court.

Discussion

[1] Hannah's first three assignments of error challenge the trial court's conclusion that his personal property was not covered under any of the provisions of the insurance policy. Hannah's entire argument for these three assignments of error consists of the following two paragraphs:

In this case the Plaintiff, Larry Hannah, is a named insured identified in the Declarations. As such, his personal property is covered while it is anywhere in the world, including the residence premises. Also covered would be the property of anyone else

located at 814 Fourth Street, Kings Mountain, NC, as Larry Hannah occupied that premises.

Larry Hannah is also an "insured" as a "relative" of the spouse of John Sessoms (his spouse also being an insured), being the natural son of the spouse of John Sessoms, living in the "insured location". As such, he is thus identified as an "Insured".

Hannah's counsel cited no authority of any kind in support of his contentions—he did not even cite the applicable standard of review.

Under Rule 28(b)(6) of the North Carolina Rules of Appellate Procedure, "[a]ssignments of error not set out in the appellant's brief, *or in support of which no reason or argument is stated or authority cited,* will be taken as abandoned." (Emphasis added.) *See also James River Equip., Inc. v. Mecklenburg Utils., Inc.,* 179 N.C. App. 414, 420, 634 S.E.2d 557, 561 (2006) ("[P]laintiff has cited no authority in support of its argument, and thus has abandoned this assignment of error."), *appeal dismissed and disc. review denied,* 361 N.C. 355, 644 S.E.2d 226, 227 (2007). Hannah has, therefore, abandoned these assignments of error.

We could exercise our discretion under Rule 2 to suspend the requirements of Rule 28, but choose not to do so in this case. Hannah's contentions raise questions not previously addressed by the North Carolina appellate courts regarding the proper construction of language frequently included in property insurance policies. We do not believe that it would be appropriate to address those questions in the absence of proper briefing by the parties.

[2] In his next argument, Hannah asserts, with citation of authority, that "[i]n the event that Larry Hannah is not determined to be an 'insured' identified in the Declarations, then [Nationwide] has waived the condition of John Sessoms' residency at the insured location or is otherwise estopped to deny that Plaintiff Hannah's personal property is still covered by the policy . . . ." In other words, Hannah seeks to extend coverage under the policy by reliance on the doctrines of waiver and estoppel.

As this Court has explained, however, " '[w]hile waiver and estoppel have been held applicable to nearly every area in which an insurer may deny liability, the courts of most jurisdictions agree that these concepts are not available to broaden the coverage of a policy so as to protect the insured against risks not included therein or expressly excluded therefrom.' " *Currie v. Occidental Life Ins. Co. of N.C.,* 17 N.C. App. 458, 459-60, 194 S.E.2d 642, 643 (1973) (quoting Annot., 1

A.L.R.3d 1139, § 2 (1965)). *See also Pearce v. Am. Defender Life Ins. Co.*, 316 N.C. 461, 466, 343 S.E.2d 174, 177 (1986) (noting "the well-settled rule that the doctrines of waiver and estoppel have been applied in order to obviate the forfeiture provisions in insurance contracts, but that they are not available to bring within the coverage of a policy risks not covered by its terms, or risks expressly excluded therefrom" (internal quotation marks omitted)); *Brendle v. Shenandoah Life Ins. Co.*, 76 N.C. App. 271, 276, 332 S.E.2d 515, 518 (1985) (holding that waiver and estoppel "cannot be used to create coverage which is nonexistent or expressly excluded from a policy").

By seeking to obtain coverage for personal property not otherwise covered by the policy, Hannah is seeking to use the doctrines of waiver and estoppel to obtain protection against risks not included within the policy. As a result, the principles of waiver and estoppel do not apply.

**[3]** Finally, we must note Hannah's counsel's numerous violations of the North Carolina Rules of Appellate Procedure. In addition to failing to cite any authority in connection with one of his primary arguments, counsel also failed to include the standard of review and single-spaced the text in his brief in violation of Rules 26(g)(1) and 28(b)(6).[1] Failure to comply with non-jurisdictional appellate rule requirements such as these "normally should not lead to dismissal of the appeal." *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 198-99, 657 S.E.2d 361, 365 (2008).

As a result of counsel's failure to cite any authority at all in violation of Rule 28, we have not considered the merits of three of the assignments of error because that violation of the rules impaired our ability to review the merits of the appeal. Although counsel's other errors are inexcusable—the requirement of double-spacing and inclusion of the standard of review are well-known—those errors do not affect our ability to review this appeal, and we, therefore, choose not to impose any further sanctions.

Affirm.

Judges BRYANT and STEELMAN concur.

---

1. Plaintiff's brief also does not contain an index and is not paginated with the result that the Table of Cases and Authorities, contrary to Rule 26(g)(2), does not reference the pages in the brief at which each authority appears. Further, the brief also fails to reference the pages of the record at which the assignments of error appear as required by Rule 28(b)(6).