DOGWOOD DEVELOPMENT AND MANAGEMENT COMPANY, LLC, PLAINTIFF v. WHITE OAK TRANSPORT COMPANY, INC., DEFENDANT

No. COA06-1073-2

(Filed 19 August 2008)

**1. Appeal and Error— nonjurisdictional appellate rules violations—sanctions—dismissal of assignments of error—double printing costs**

Although defendant's numerous and uncorrected nonjurisdictional appellate rules violations in a breach of contract case (including failure to direct the attention of the appellate court to the particular error with clear and specific record or transcript references as required by N.C. R. App. P. 10(c)(1), failure to state the grounds for appellate review as required by N.C. R. App. P. 28(b)(4), failure to reference any assignments of error pertinent to the questions presented as required by N.C. R. App. P. 28(b)(6), and failure to state the applicable standard of review for each question presented as required by N.C. R. App. P. 28(b)(6)), coupled with his overly broad assignments of error numbered 1 and 2 that failed to be confined to a single issue of law as required by N.C. R. App. P. 10(c)(1), rose to the level of a substantial failure or gross violation, the errors were not so egregious as to warrant dismissal of defendant's appeal in its entirety. As a lesser sanction, defendant's assignments of error numbered 1 and 2 were dismissed, and in the exercise of its discretion, the Court of Appeals ordered defendant's attorney to pay double the printing costs of the appeal under N.C. R. App. P. 34(b).

DOGWOOD DEV. & MGMT. CO., LLC v. WHITE OAK TRANSP. CO.

[192 N.C. App. 114 (2008)]

**2. Appeal and Error— appellate rule 2—exceptional circumstances—prevention of manifest injustice—public interest**

In the exercise of its discretion, the Court of Appeals declined to invoke N.C. R. App. P. 2 to review defendant's assignments of error numbered 1 and 2 that were dismissed as broadside and ineffective because nothing in the record or briefs demonstrated any exceptional circumstances to suspend or vary the rules in order to prevent manifest injustice to a party or to expedite decision in the public interest.

**3. Contracts— breach—motion for judgment notwithstanding verdict—motion for new trial**

The trial court did not abuse its discretion in a breach of contract case by denying defendant's motions for judgment notwithstanding the verdict and a new trial because: (1) viewing the evidence in the light most favorable to the nonmoving party revealed that plaintiff presented sufficient evidence that tended to show, and for the jury to conclude, that defendant's agents agreed to pay plaintiff $0.50 per ton of waste defendant hauled from plaintiff's waste transfer station; and (2) although defendant relied on N.C.G.S. § 25-1-206, the statute of frauds provision in the Uniform Commercial Code, to attempt to limit plaintiff's recovery to $5,000, the parties' agreement was not for the sale of personal property, but was instead in the nature of a fee or charge to compensate plaintiff for its efforts to create the waste transfer station and to provide defendant the opportunity to haul waste from the transfer station.

Judge HUNTER concurring in a separate opinion.

Appeal by defendant from orders entered 3 January 2006 and 2 March 2006 by Judge Howard R. Greeson, Jr., in Forsyth County Superior Court. This case was originally heard in the Court of Appeals on 24 April 2007. *See Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.*, 183 N.C. App. 389, 645 S.E.2d 212 (2007). Upon remand by order from the North Carolina Supreme Court, filed 7 March 2008. *See Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 657 S.E.2d 361 (2008).

*J. Dennis Bailey, for plaintiff-appellee.*

*Steven D. Smith, for defendant-appellant.*

TYSON, Judge.

This Court initially heard White Oak Transport Company, Inc.'s ("defendant") appeal from: (1) judgment and order entered after a jury found it breached a contract with Dogwood Development and Management Company, LLC ("plaintiff"); and (2) order entered, which denied its motion for judgment notwithstanding the verdict pursuant to N.C. Gen. Stat. § 1A-1, Rule 50 and its motion for a new trial pursuant to N.C. Gen. Stat. § 1A-1, Rule 59(a)(7) and (8). *See Dogwood*, 183 N.C. App. at 389-90, 645 S.E.2d at 214. A divided panel of this Court dismissed defendant's appeal based upon plaintiff's unanswered motion to dismiss defendant's appeal, which asserted numerous appellate rule violations. *See id.*

Defendant appealed pursuant to N.C. Gen. Stat. § 7A-30(2) (2007). Upon remand and after further review, we find no error in the jury's verdict and affirm the trial court's judgment and post-trial orders.

## I. Background

This Court previously outlined the background leading to this appeal:

> On 29 April 2004, plaintiff filed suit against defendant for breach of contract. Plaintiff alleged: (1) defendant hauled waste for Republic Services of North Carolina, LLC ("Republic") from plaintiff's waste transfer station; (2) Republic paid defendant $10.00 per ton hauled; (3) defendant agreed to pay plaintiff $.50 per ton hauled; and (4) defendant breached its agreement with plaintiff.

> On 26 September 2005, the matter was tried before a jury and the jury found: (1) plaintiff and defendant entered into a contract; (2) defendant breached the contract; and (3) plaintiff was entitled to recover $155,365.00 from defendant. The trial court entered a judgment and order on 3 January 2006.

> On 13 January 2006, defendant moved for [judgment notwithstanding the verdict] pursuant to N.C. Gen. Stat. § 1A-1, Rule 50 and for a new trial pursuant to N.C. Gen. Stat. § 1A-1, Rule 59(a)(7) and (8). The trial court denied defendant's motions by order entered 2 March 2006. Defendant appeal[ed] from both the judgment and orders entered 3 January 2006 and 2 March 2006.

*Dogwood*, 183 N.C. App. at 390, 645 S.E.2d at 214.

**DOGWOOD DEV. & MGMT. CO., LLC v. WHITE OAK TRANSP. CO.**

[192 N.C. App. 114 (2008)]

On 20 December 2006, plaintiff moved to dismiss defendant's appeal based on violations of the North Carolina Rules of Appellate Procedure. *Id.* Defendant failed to respond to plaintiff's motion and has failed to correct its violations as of this date. *Id.* Plaintiff's motion to dismiss alleged defendant: (1) failed to state the grounds for appellate review in violation of Appellate Rule 28(b)(4); (2) failed to reference any assignments of error pertinent to the questions presented in its appellate brief in violation of Appellate Rule 28(b)(6); (3) failed to state the applicable standard of review for each question presented in its appellate brief in violation of Appellate Rule 28(b)(6); and (4) asserted arguments in its brief not the subject of the assignments of error as articulated in the record on appeal in violation of Appellate Rule 28(b)(6).

A divided panel of this Court granted plaintiff's motion to dismiss and dismissed defendant's appeal based upon the four violations enumerated above. *Id.* at 395, 645 S.E.2d at 217. Defendant appealed pursuant to N.C. Gen. Stat. § 7A-30(2). Our Supreme Court reversed and remanded this case to this Court "for consideration . . . of whether the appellate rules violations in this case implicate [Appellate] Rules 25 and 34, and if so, whether a sanction *other than dismissal* is appropriate." *Dogwood*, 362 N.C. at 201-02, 657 S.E.2d at 367 (emphasis supplied).

## II. Rules of Appellate Procedure

**[1]** In *Dogwood*, our Supreme Court set out to "clarify the manner in which the appellate courts should address violations of the appellate rules." 362 N.C. at 193, 657 S.E.2d at 362. *Dogwood* does not address how this Court should alter our approach to "address violations of the appellate rules[]" when presented with an unanswered motion to dismiss, which asserts appellate rules violations, and a party's failure to correct or amend those violations. 362 N.C. at 193, 657 S.E.2d at 362.

Generally, where a party moves for relief and the opposing party fails to respond, the requested relief is granted. For example, if a defendant fails to answer a properly served complaint, the plaintiff is entitled to entry of default and may move for a default judgment pursuant to N.C. Gen. Stat. § 1A-1, Rule 55 (2007). If a party fails to respond to another party's requests for admissions, the matter is deemed admitted pursuant to N.C. Gen. Stat. § 1A-1, Rule 36 (2007).

Our rules of civil procedure also provide:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

N.C. Gen. Stat. § 1A-1, Rule 56(e) (2007). This Court must decide how to address a party's motion to dismiss for violations of the appellate rules when the other party fails to respond or correct the violations. 362 N.C. at 191, 657 S.E.2d at 361. We are compelled in this case to review this appeal, and, in our discretion, to determine "whether a sanction *other than dismissal* is appropriate." *Id.* at 202, 657 S.E.2d at 367 (emphasis supplied).

"There is a presumption in favor of the regularity and validity of judgments in the lower court, and the burden is upon appellant to show prejudicial error." *London v. London*, 271 N.C. 568, 570, 157 S.E.2d 90, 92 (1967) (citation omitted). "Without preserved, assigned, and argued assignments of error that identify the pages where the alleged error occurred, the appellate court can only rummage through the record to ascertain error." Brantley Springett & Kelly Dellerba, *Much Ado About Nothing: Dismissals for Appellate Rules Violations*, North Carolina Lawyers Weekly, October 8, 2007, at 20NCLW0815, 20NCLW0818. "It is not the role of the appellate courts . . . to create an appeal for an appellant." *Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005).

In *Dogwood*, our Supreme Court restated ninety-five years of precedent and "observe[d] that 'rules of procedure are necessary . . . in order to enable the courts properly to discharge their dut[y]' of resolving disputes." 362 N.C. at 193, 657 S.E.2d at 362 (quoting *Pruitt v. Wood*, 199 N.C. 788, 790, 156 S.E.2d 126, 127 (1930)). "It is, therefore, necessary to have rules of procedure and to adhere to them, and if we relax them in favor of one, we might as well abolish them." *Bradshaw v. Stansberry*, 164 N.C. 356, 356, 79 S.E. 302, 302 (1913).

Our Supreme Court noted in *Dogwood* that an "appellate court faced with . . . [nonjurisdictional rule violations] possesses discretion in fashioning a remedy to encourage better compliance with the rules." 362 N.C. at 198, 657 S.E.2d at 365. This Court filed 800 written

opinions from 1 January through 1 July 2008 and filed a total of 1,596 written opinions in 2007. Allowing this Court "discretion in fashioning a remedy[,]" given our case load, allows for the possibility of a "relax[ation] [of the rules] in favor of one[.]" *Id.*; *Bradshaw*, 164 N.C. at 356, 79 S.E. at 302. Our Supreme Court previously stated that "the Rules of Appellate Procedure must be consistently applied; otherwise, the Rules become meaningless, and an appellee is left without notice of the basis upon which an appellate court might rule." *Viar*, 359 N.C. at 402, 610 S.E.2d at 361 (citing *Bradshaw*, 164 N.C. at 356, 79 S.E. at 302).

More recently, in *State v. Hart*, our Supreme Court reaffirmed that uniform application of the Rules of Appellate Procedure is paramount and stated:

> [I]nconsistent application of the Rules [of Appellate Procedure] may detract from the deference which federal habeas courts will accord to their application. Although a petitioner's failure to observe a state procedural rule may constitute an "adequate and independent state ground" barring federal habeas review, *Wainwright v. Sykes*, 433 U.S. 72, 81, 97 S. Ct. 2497, 2503, 53 L. Ed. 2d 594, 604 (1977), a state procedural bar is not "adequate" unless it has been "consistently or regularly applied." *Johnson v. Mississippi*, 486 U.S. 578, 589, 108 S. Ct. 1981, 1988, 100 L. Ed. 2d 575, 586 (1988). Thus, if the Rules are not applied consistently and uniformly, federal habeas tribunals could potentially conclude that the Rules [of Appellate Procedure] are not an adequate and independent state ground barring review. Therefore, it follows that our appellate courts must enforce the Rules of Appellate Procedure uniformly.

361 N.C. 309, 317, 644 S.E.2d 201, 206 (2007).

### A. Nature of Defendant's Appellate Rules Violations

In *Dogwood*, our Supreme Court stated "that the occurrence of default under the appellate rules arises primarily from the existence of one or more of the following circumstances: (1) waiver occurring in the trial court; (2) defects in appellate jurisdiction; and (3) violation of nonjurisdictional requirements." 362 N.C. at 194, 657 S.E.2d at 363. Here, defendant's noncompliance falls within the third category.

> When a party fails to comply with one or more nonjurisdictional appellate rules, the court should first determine whether the noncompliance is substantial or gross under [Appellate] Rules 25 and

34. If it so concludes, it should then determine which, if any, sanction under [Appellate] Rule 34(b) should be imposed. Finally, if the court concludes that dismissal is the appropriate sanction, it may then consider whether the circumstances of the case justify invoking [Appellate] Rule 2 to reach the merits of the appeal.

*Id.* at 201, 657 S.E.2d at 367.

### B. Appellate Rules 25 and 34

"Based on the language of [Appellate] Rules 25 and 34, the appellate court may not consider sanctions *of any sort* when a party's noncompliance with nonjurisdictional requirements of the rules does not rise to the level of a 'substantial failure' or 'gross violation.' " *Id.* at 199, 657 S.E.2d at 366 (emphasis supplied).

In determining whether a party's noncompliance with the appellate rules rises to the level of a substantial failure or gross violation, the court may consider, among other factors, whether and to what extent the noncompliance impairs the court's task of review and whether and to what extent review on the merits would frustrate the adversarial process. *See Hart*, 361 N.C. at 312, 644 S.E.2d at 203 (noting that dismissal may not be appropriate when a party's noncompliance does not " 'impede comprehension of the issues on appeal or frustrate the appellate process' " (citation omitted)); Viar, 359 N.C. at 402, 610 S.E.2d at 361 (discouraging the appellate courts from reviewing the merits of an appeal when doing so would leave the appellee "without notice of the basis upon which [the] appellate court might rule" (citation omitted)). *The court may also consider the number of rules violated, although in certain instances noncompliance with a discrete requirement of the rules may constitute a default precluding substantive review. See, e.g.,* N.C.R. App. P. 28(b)(6) ("Assignment of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned.").

*Id.* at 200, 657 S.E.2d at 366-67 (emphasis supplied).

Here, defendant failed to: (1) direct the attention of the appellate court to the particular error about which the question is made, with clear and specific record or transcript references, in violation of Appellate Rule 10(c)(1); (2) state the grounds for appellate review in violation of Appellate Rule 28(b)(4); (3) reference any assignments of error pertinent to the questions presented in violation of Appellate

**DOGWOOD DEV. & MGMT. CO., LLC v. WHITE OAK TRANSP. CO.**

[192 N.C. App. 114 (2008)]

Rule 28(b)(6); and (4) state the applicable standard of review for each question presented in violation of Appellate Rule 28(b)(6). *See Dogwood*, 183 N.C. App. at 389, 645 S.E.2d at 213.

In addition to the numerous appellate rules violations outlined above, defendant's assignments of error numbered 1 and 2 are not confined to a single issue of law and are overly broad in violation of Appellate Rule 10(c)(1). Defendant's assignments of error numbered 1 and 2 state:

> 1. The Court's granting Plaintiff judgment from Defendant in the sum of $155,365.00, plus interest which shall accrue at the legal rate from December 31, 2004, until paid and costs in the amount of $1,426.14 to be taxed against the Defendant.

> 2. The Court's denying Defendant's Motion For Judgment Notwithstanding the Verdict under Rule 50 of the North Carolina Rules of Civil Procedure and Defendant's Motion for New Trial pursuant to Rule 59(a)(7) and (8) of the North Carolina Rules of Civil Procedure.

"Th[ese] assignment[s]—like a hoopskirt—cover[] everything and touch[] nothing. [They are] based on numerous exceptions and attempt[] to present several separate questions of law—none of which are set out in the assignment[s] [themselves]—thus leaving [them] broadside and ineffective." *State v. Kirby*, 276 N.C. 123, 131, 171 S.E.2d 416, 422 (1970). We hold that defendant's appellate rules violations "rise to the level of a 'substantial failure' or 'gross violation.'" *Dogwood*, 362 N.C. at 199, 657 S.E.2d at 366.

The concurring opinion asserts that defendant's second assignment of error does not "impede comprehension of the issues on appeal or frustrate the appellate process." (Citing *Hart*, 361 N.C. at 312, 644 S.E.2d at 203). Our Supreme Court has repeatedly rejected this notion as a basis to review otherwise defective assignments of error. *See Viar*, 359 N.C. at 402, 610 S.E.2d at 361 ("The Court of Appeals majority asserted that plaintiff's Rules violations did not impede comprehension of the issues on appeal or frustrate the appellate process. It is not the role of the appellate courts, however, to create an appeal for an appellant." (Internal citation omitted)); *Hart*, 361 N.C. at 312-13, 644 S.E.2d at 203 ("In *Viar*, we neither admonished the Court of Appeals to avoid applying Rule 2, nor did we state that the court may not review an appeal that violates the Rules, even when rules violations d[o] not impede comprehension of the issues on

appeal or frustrate the appellate process. We simply noted that the Court of Appeals majority had justified its application of Rule 2 in *Viar* by using that phrase. Rather than approving this justification for applying Rule 2 to that scenario, we rejected it and dismissed the *Viar* appeal. In so doing, we held that the Court of Appeals improperly applied Rule 2 when it created an appeal for the appellant and addressed issues not raised or argued.") (Internal quotation omitted). We turn to "which, if any, sanction under [Appellate] Rule 34(b) should be imposed." *Dogwood*, 362 N.C. at 201, 657 S.E.2d at 367.

### C. Appellate Rule 34(b)

Appellate Rule 34(b) states:

A court of the appellate division may impose one or more of the following sanctions: (1) dismissal of the appeal; (2) monetary damages including, but not limited to, a. single or double costs, b. damages occasioned by delay, c. reasonable expenses, including reasonable attorney fees, incurred because of the frivolous appeal or proceeding; (3) any other sanction deemed just and proper.

N.C.R. App. P. 34(b) (2006).

"[A] party's failure to comply with nonjurisdictional rule requirements normally should not lead to dismissal of the appeal." *Dogwood*, 362 N.C. at 198, 657 S.E.2d at 365 (citation omitted); *see Hannah v. Nationwide Mut. Fire Ins. Co.*, 190 N.C. App. 626, 632, 660 S.E.2d 600, 604 (2008) ("As a result of counsel's failure to cite any authority at all in violation of Rule 28, we have not considered the merits of three of the assignments of error because that violation of the rules impaired our ability to review the merits of the appeal.").

Given defendant's failure to respond to the motion to dismiss and the nature and number of uncorrected nonjurisdictional appellate rules violations in this case, we hold plaintiff's noncompliance to be substantial, but not so egregious as to warrant dismissal of defendant's appeal in its entirety. *See Dogwood*, 362 N.C. at 200, 657 S.E.2d at 366 ("[O]nly in the most egregious instances of nonjurisdictional default will dismissal of the appeal be appropriate.") (Citation omitted). Defendant's "broadside and ineffective[]" assignments of error numbered 1 and 2 should be dismissed. *Kirby*, 276 N.C. at 131, 171 S.E.2d at 422. In the exercise of our discretion, defendant's attorney is ordered to pay double the printing costs of this appeal. N.C.R. App. P. 34(b); *Luther v. Seawell*, 191 N.C. App. 139, 145, —— S.E.2d ——, ——

(June 17, 2008) (No. COA07-830) ("Given the number of rules violations in this case, we hold that plaintiffs' noncompliance was substantial in this case but not so gross as to warrant dismissal . . . . As such, we deny the motion to dismiss as to defendant Seawell and order plaintiffs' attorneys to pay double the printing costs of this appeal pursuant to Rule 34(b) of the North Carolina Rules of Appellate Procedure."). The Clerk of this Court is to enter an order accordingly. Having determined that defendant's first two assignments of error should be dismissed, we turn to "whether the circumstances of the case justify invoking [Appellate] Rule 2 . . . ." *Dogwood*, 362 N.C. at 201, 657 S.E.2d at 367.

### D.  Appellate Rule 2

**[2]** Appellate Rule 2 states:

> To prevent manifest injustice to a party, or to expedite decision in the public interest, either court of the appellate division may, except as otherwise expressly provided by these rules, suspend or vary the requirements or provisions of any of these rules in a case pending before it upon application of a party or upon its own initiative, and may order proceedings in accordance with its directions.

N.C.R. App. P. 2 (2006).

In *Dogwood*, our Supreme Court stated, Appellate Rule 2 "may only [be invoked] on rare occasions and under exceptional circumstances . . . ." 362 N.C. at 201, 657 S.E.2d at 367 (citation omitted). " 'Rule 2 relates to the residual power of [the] appellate courts to consider, in exceptional circumstances, significant issues of importance in the public interest or to prevent injustice which appears manifest to the [c]ourt and *only in such instances*.' " *Hart*, 361 N.C. at 315-16, 644 S.E.2d at 205 (quoting *Steingress v. Steingress*, 350 N.C. 64, 66, 511 S.E.2d 298, 299-300 (1999)) (emphasis supplied).

> Before exercising [Appellate] Rule 2 to prevent a manifest injustice, both this Court and the Court of Appeals must be cognizant of the appropriate circumstances in which the extraordinary step of suspending the operation of the appellate rules is a viable option. Fundamental fairness and the predictable operation of the courts for which our Rules of Appellate Procedure were designed depend upon the consistent exercise of this authority.

*Id.* at 317, 644 S.E.2d at 206.

The decision whether to invoke Appellate Rule 2 is purely discretionary and is to be limited to "rare occasions" in which a fundamental purpose of the appellate rules is at stake. *Dogwood*, 362 N.C. at 201, 657 S.E.2d at 367. Appellate Rule 2 has most consistently been invoked to prevent manifest injustice in appeals in which the substantial rights of a criminal defendant are affected. *Hart*, 361 N.C. at 316, 644 S.E.2d at 205 (citing *State v. Sanders*, 312 N.C. 318, 320, 321 S.E.2d 836, 837 (1984)).

Nothing in the record or briefs demonstrates any "exceptional circumstances" to suspend or vary the rules in order "to prevent manifest injustice to a party, or to expedite decision in the public interest." *Id.* at 315-16, 644 S.E.2d at 205 (citation omitted). Our Supreme Court's opinion in *Dogwood* did not validate "hoopskirt" assignments of error nor alter the Supreme Court's precedent in *Kirby* or this Court's numerous precedents dismissing "broadside and ineffective[]" assignments of error. *Dogwood*, 362 N.C. at 191, 657 S.E.2d at 361; *Kirby*, 276 N.C. at 131, 171 S.E.2d at 422; *see May v. Down East Homes of Beulaville, Inc.*, 175 N.C. App. 416, 418, 623 S.E.2d 345, 346, *cert. denied*, 360 N.C. 482, 632 S.E.2d 176 (2006) ("Plaintiff's repeated assertions that the trial court's rulings were 'contrary to the caselaw of this jurisdiction' fail to identify the issues briefed on appeal. We conclude these assignments of error are too broad, vague, and unspecific to comport with the North Carolina Rules of Appellate Procedure. . . . Because plaintiff failed to properly preserve for appellate review the issues presented on appeal, his appeal is [d]ismissed." (Internal quotation omitted)); *Calhoun v. WHA Med. Clinic, PLLC*, 178 N.C. App. 585, 602, 632 S.E.2d 563, 574 (2006), *disc. rev. denied*, 361 N.C. 350, 644 S.E.2d 5 (2007) ("Because the assignment of error at issue states that the challenged finding was 'contrary to law' without stating any specific reason that the finding is 'contrary to law' it fails to identify the issues briefed on appeal. Since plaintiffs failed to properly preserve this argument, we do not address it." (Internal citations omitted)).

In the exercise of our discretion, we decline to invoke Appellate Rule 2 to review defendant's assignments of error numbered 1 and 2. *Dogwood*, 362 N.C. at 201, 657 S.E.2d at 367. Defendant's assignment's of error numbered 1 and 2 are dismissed as "broadside and ineffective." *Kirby*, 276 N.C. at 131, 171 S.E.2d at 422. We now turn to the remaining assignments of error asserted in defendant's appeal.

**DOGWOOD DEV. & MGMT. CO., LLC v. WHITE OAK TRANSP. CO.**

[192 N.C. App. 114 (2008)]

### III. Issues

Defendant argues the trial court erred when it failed to grant defendant's motions for judgment notwithstanding the verdict and a new trial.

### IV. Standard of Review

#### A. Motion for Judgment Notwithstanding the Verdict

[A] motion [for judgment notwithstanding the verdict] is essentially a renewal of an earlier motion for directed verdict. Accordingly, if the motion for directed verdict could have been properly granted, then the subsequent motion for judgment notwithstanding the verdict should also be granted. In considering any motion for directed verdict, the trial court must view all the evidence that supports the non-movant's claim as being true and that evidence must be considered in the light most favorable to the non-movant, giving to the non-movant the benefit of every reasonable inference that may legitimately be drawn from the evidence with contradictions, conflicts, and inconsistencies being resolved in the non-movant's favor. This Court has also held that a motion for judgment notwithstanding the verdict is cautiously and sparingly granted. It is also elementary that the movant for [judgment notwithstanding the verdict] must make a motion for directed verdict at the close of all the evidence.

*Bryant v. Nationwide Mut. Fire Ins. Co.*, 313 N.C. 362, 368-69, 329 S.E.2d 333, 337-38 (1985) (internal citations omitted). "On appeal our standard of review for a judgment notwithstanding the verdict is the same as that for a directed verdict; that is, whether the evidence was sufficient to go to the jury." *Whitaker v. Akers*, 137 N.C. App. 274, 277, 527 S.E.2d 721, 724, *disc. rev. denied*, 352 N.C. 157, 544 S.E.2d 245 (2000) (internal citations and quotations omitted).

#### B. Motion for New Trial

The standard of review for a trial court's denial of a motion for a new trial based upon insufficiency of the evidence is abuse of discretion. *In Re Buck*, 350 N.C. 621, 624, 516 S.E.2d 858, 860 (1999). " 'An appellate court should not disturb a discretionary Rule 59 order unless it is reasonably convinced by the cold record that the trial judge's ruling probably amounted to a substantial miscarriage of justice.' " *Id.* at 625, 516 S.E.2d at 861 (quoting *Anderson v. Hollifield*, 345 N.C. 480, 483, 480 S.E.2d 661, 663 (1997)).

DOGWOOD DEV. & MGMT. CO., LLC v. WHITE OAK TRANSP. CO.

[192 N.C. App. 114 (2008)]

## V.  Defendant's Motions

**[3]** Defendant argues the trial court erred when it denied its motions for judgment notwithstanding the verdict and a new trial because: (1) plaintiff failed to prove there was a meeting of the minds between the parties and (2) N.C. Gen. Stat. § 25-1-206 limits plaintiff's recovery to $5,000.00.

### A.  Meeting of the Minds

"To constitute a valid contract the parties must assent to the same thing in the same sense, and their minds must meet as to all the terms. If any portion of the proposed terms is not settled, there is no agreement." *Goeckel v. Stokely*, 236 N.C. 604, 607, 73 S.E.2d 618, 620 (1952) (citations omitted). Viewed in the light most favorable to the non-moving party, plaintiff presented sufficient evidence that tended to show and for the jury to conclude that defendant's agents agreed to pay plaintiff $0.50 per ton of waste defendant hauled from plaintiff's waste transfer station. The jury heard all the evidence and returned a verdict for plaintiff. The trial court correctly entered judgment consistent with the terms of the jury's verdict. The trial court properly denied defendant's motions for judgment notwithstanding the verdict and new trial wherein defendant asserted plaintiff's failure to prove a meeting of the minds between the parties. *Whitaker*, 137 N.C. App. at 277, 527 S.E.2d at 724; *In Re Buck*, 350 N.C. at 624, 516 S.E.2d at 860. This assignment of error is overruled.

### B.  N.C. Gen. Stat. § 25-1-206

N.C. Gen. Stat. § 25-1-206 (2005) states:

(1) Except in the cases described in subsection (2) of this section a contract for the sale of personal property is not enforceable by way of action or defense beyond five thousand dollars ($5,000.00) in amount or value of remedy unless there is some writing which indicates that a contract for sale has been made between the parties at a defined or stated price, reasonably identifies the subject matter, and is signed by the party against whom enforcement is sought or by his authorized agent.

(2) Subsection (1) of this section does not apply to contracts for the sale of goods (G.S. 25-2-201) nor of securities (G.S. 25-8-113) nor to security agreements (G.S. 25-9-203).

Defendant's reliance on N.C. Gen. Stat. § 25-1-206, the statute of frauds provision in the Uniform Commercial Code, is misplaced. The

parties' agreement was in the nature of a fee or charge to compensate plaintiff for its efforts to create the waste transfer station and to provide defendant the opportunity to haul waste from the transfer station. Because the parties's contract was not for the sale of personal property, N.C. Gen. Stat. § 25-1-206 does not limit plaintiff's recovery to $5,000.00. *See Rowell v. N.C. Equip. Co.*, 146 N.C. App. 431, 435, 552 S.E.2d 274, 277 (2001) ("We have previously determined that the contract between these parties was for repairs; therefore, [N.C. Gen. Stat. §§ 25-1-206, -2-201 (1999)] do not apply."). The trial court properly denied defendant's motions for judgment notwithstanding the verdict and new trial based on defendant's assertion that N.C. Gen. Stat. § 25-1-206 limited plaintiff's recovery. This assignment of error is overruled.

## VI. Conclusion

Defendant's numerous and uncorrected appellate rules violations "rise to the level of a 'substantial failure' or 'gross violation.' " *Dogwood*, 362 N.C. at 199, 657 S.E.2d at 366. Defendant's assignments of error numbered 1 and 2 are dismissed as "broadside and ineffective[]" and defendant's attorney is ordered to pay double the printing costs of this appeal pursuant to N.C.R. App. P. 34(b). *Kirby*, 276 N.C. at 131, 171 S.E.2d at 422.

Plaintiff presented sufficient evidence to establish a *prima facie* breach of contract claim and for the jury to resolve the parties' factual dispute. *Whitaker*, 137 N.C. App. at 277, 527 S.E.2d at 724; *In Re Buck*, 350 N.C. at 624, 516 S.E.2d at 860.

We find no error in the jury's verdict or the judgment entered thereon. The trial court properly denied defendant's motions for judgment notwithstanding the verdict and a new trial. The trial court's denial of defendant's motions for judgment notwithstanding the verdict and for a new trial are affirmed.

No error in part and affirmed in part.

Judge CALABRIA concurs.

Judge HUNTER concurs by separate opinion.

HUNTER, Judge, concurring.

While I agree with the majority that there was no error in defendant's trial and that the trial court properly denied defendant's motions

**DOGWOOD DEV. & MGMT. CO., LLC v. WHITE OAK TRANSP. CO.**

[192 N.C. App. 114 (2008)]

for judgment notwithstanding the verdict and for a new trial, I write separately because I disagree with the majority's dismissal of defendant's second assignment of error and its characterization and analysis of our Supreme Court's recent decision in *Dogwood Dev. & Mmgt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 657 S.E.2d 361 (2008).

Appellate courts have a strong preference for deciding cases on the merits. Our Supreme Court's recent decisions in *State v. Hart*, 361 N.C. 309, 644 S.E.2d 201 (2007), and *Dogwood* expressed a policy to decide cases on their merits and thus refrain from dismissing cases for nonjurisdictional rules violations that do not impede the review of the case. This policy not only ensures fundamental fairness to the litigants involved, but also benefits the bar and facilitates open access to the equal administration of justice in our courts.

Defendant's second assignment of error states: "2. The Court's denying Defendant's Motion for Judgment Notwithstanding the Verdict under Rule 50 of the North Carolina Rules of Civil Procedure and Defendant's Motion for New Trial pursuant to Rule 59(a)(7) and (8) of the North Carolina Rules of Civil Procedure." I do not agree with the majority that defendant's second assignment of error constitutes a substantial violation of Rule 10(c)(1) warranting dismissal of the issue. As our Supreme Court has held, "[r]ules of practice and procedure are devised to promote the ends of justice, not to defeat them." *Dogwood*, 362 N.C. at 194, 657 S.E.2d at 363 (citation omitted; alteration in original). As such, "every violation of the rules does not require dismissal of the appeal *or the issue*[.]" *Hart*, 361 N.C. at 311, 644 S.E.2d at 202 (emphasis added). Indeed, "only in the most egregious instances of nonjurisdictional default will dismissal of the appeal be appropriate." *Dogwood*, 362 N.C. at 200, 657 S.E.2d at 366. Rather, "the appellate court may not consider sanctions of any sort when a party's noncompliance with nonjurisdictional requirements of the rules does not rise to the level of a 'substantial failure' or 'gross violation.' " *Id.* at 199, 657 S.E.2d at 366.

In the case *sub judice*, defendant's second assignment of error did not "rise to the level of a 'substantial failure' or 'gross violation[,]' " *id.*, and certainly did not " 'impede comprehension of the issues on appeal or frustrate the appellate process.' " *Hart*, 361 N.C. at 312, 644 S.E.2d at 203 (citation omitted).[1] As our Supreme Court

---

1. It is of note that many of the procedural problems faced by the litigants in the case at bar and in other similar cases before our court arise from the violation of the assignment of error requirement found in Appellate Rule 10(c)(1). Recently, the North

KELLY v. N.C. DEP'T OF ENV'T & NATURAL RES.

[192 N.C. App. 129 (2008)]

indicated in *Dogwood*, dismissal of an issue is not appropriate unless a party's "noncompliance impairs the court's task of review" and "review on the merits would frustrate the adversarial process." *Dogwood*, 362 N.C. at 200, 657 S.E.2d at 366-67. Accordingly, this Court "should simply perform its core function[,]" *id.* at 199, 657 S.E.2d at 366, and review the merits of defendant's appeal as to the trial court's denial of his motions.[2]

Regarding defendant's other rules violations in this appeal, I agree with the majority that monetary sanctions are appropriate.

Thus, while I agree with the outcome of this decision, I concur in the result only and write separately for the aforementioned reasons.

_____

Carolina Bar Association submitted to the Supreme Court a proposal to abolish the assignment of error requirement. This proposal was endorsed by the N.C. Advocates for Justice and the N.C. Association of Defense Attorneys.

2. I find it pertinent to remind the Bar that in future cases the offending attorney's response to a motion to dismiss for appellate rule violations should be to file a motion to amend his brief and correct those violations.